**Patty KNIGHT, Plaintiff,**

v.

**Jeffrey SCHULMAN, Defendant.**

**No. C–3–95–348.**

United States District Court,
S.D. Ohio,
Western Division.

Nov. 5, 1999.

Jason David Fregeau, Yellow Springs, OH, for Patty Knight, plaintiff.

Lawrence William Henke, III, Dayton, OH, for Jeffrey Schulman, defendant.

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. # 14); DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. # 19); DECISION AND ENTRY SUSTAINING PLAINTIFF'S FIRST MOTION TO STRIKE (DOC. # 24); DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S SECOND MOTION TO STRIKE (DOC. # 23); FURTHER PROCEDURES ESTABLISHED

RICE, Chief Judge.

Plaintiff brings suit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code Chapter 1345. This litigation arises out of the Plaintiff's failure to pay her student loan and the Defen-

dant's efforts to collect same. In 1985, the Plaintiff obtained a federally guaranteed student loan, in sum of $600.00, in order to attend Urbana College. When the Plaintiff did not repay that loan, the Defendant began attempts to collect it in October, 1992. After his initial collection efforts proved fruitless, the Defendant, on December 16, 1992, filed suit against the Plaintiff in Champaign County Municipal Court. In March, 1993, the Plaintiff and Defendant executed a consent judgment, under which the Plaintiff agreed to pay off her student loan at the rate of $10.00 per month.[1] Plaintiff paid the $10.00 per month only sporadically; therefore, the Defendant took steps to collect the outstanding balance. Upon learning that the Plaintiff owned unencumbered real estate located in Clark County, Defendant obtained a Certificate of Judgment from the Champaign County Municipal Court and, in May, 1994, filed same in the Clark County Court of Common Pleas. The Certificate of Judgment then became a lien on the real estate owned by Plaintiff. *See* Ohio Rev.Code § 2329.02. On September 20, 1994, Defendant wrote a letter to Plaintiff, enclosing a copy of the Certificate of

Judgment and stating that a title search would be commenced that week in preparation for the filing of a foreclosure action. Shortly thereafter, Plaintiff paid her student loan. On October 1, 1994, Defendant wrote again to the Plaintiff, acknowledging the receipt of her check for $1,235.03, and stating that when the check cleared, the judgment and lien would be released and the foreclosure action dismissed.

In her Complaint, the Plaintiff alleges that the Defendant's letters of September 20th and October 1st violated the FDCPA and the OCSPA, because they are "false, misleading, deceptive or unconscionable."[2] Doc. # 1 at ¶ 16. This case is now before the Court on the Plaintiff's Motion for Partial Summary Judgment (Doc. # 14), the Defendant's Motion for Summary Judgment (Doc. # 19),[3] and the Plaintiff's First (Doc. # 24) and Second Motion to Strike (Doc. # 23). As a means of analysis, the Court will initially set forth the standards which govern all motions for summary judgment, following which it will rule upon the Plaintiff's Second Motion to Strike (Doc. # 23).[4] Then, the Court will turn to the two summary judgment mo-

---

1. In the consent judgment, the Plaintiff agreed that in the event that she did not abide by her obligation to pay $10.00 per month, the entire outstanding balance would become due.

2. *In her Complaint* (Doc. # 1), unlike in her memoranda, the Plaintiff does not specify which particular provisions of the FDCPA and the OCSPA were violated by these two letters. The Plaintiff did allege that the "Defendant mailed at least two letters concerning the alleged debt, dated September 20, 1994, and October 1, 1994." Doc. # 1 at ¶ 12. The Plaintiff's Complaint does not contain any allegations regarding additional letters. As it turns out, the September 20th and October 1st letters were merely the last of 13 letters the Defendant sent to the Plaintiff. The FDCPA contains a one year statute of limitations. *See* 15 U.S.C. § 1692k(d). Therefore, it is not surprising that the Plaintiff did not expressly rely upon any of the other letters, since they were sent more than one year before this litigation was initiated. Of course, merely because a claim under the FDCPA, predicated upon a particular debt collection

letter, is barred by the statute of limitations, does not necessarily mean that said letter cannot be considered as evidence in litigation involving letters and claims thereon not so barred.

3. Since the Defendant does not argue that he is entitled to summary judgment on the Plaintiff's claim under the OCSPA, his Motion for Summary Judgment is, in actuality, one seeking partial summary judgment. However, since the Defendant has captioned his motion as one for summary judgment, the Court will refer to it as such.

4. With that motion, the Plaintiff challenges certain of the evidence the Defendant has attached to his Motion for Summary Judgment (Doc. # 19) and his Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. # 18). Since the Court cannot rule upon the pending summary judgment motions until it determines what evidence can be considered, the Court chooses to rule initially upon Plaintiff's Second Motion to Strike.

tions and Plaintiff's First Motion to Strike (Doc. # 24).

## I. Standards governing motions for summary judgment

A motion for summary judgment "should be granted where the evidence is such that it 'would require a directed verdict [now a judgment as a matter of law] for the moving party.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), quoting *Sartor v. Arkansas Gas Corp.,* 321 U.S. 620, 624, 64 S.Ct. 724, 88 L.Ed. 967 (1944). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Of course, the moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

477 U.S. at 323, 106 S.Ct. 2548. *See also Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir.1991) (The moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial." quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1536 [6th Cir.1987]). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505 (quoting Fed.R.Civ.P. 56(e)). Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir.1995).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). *See also, Michigan Protection and Advocacy Service, Inc. v. Babin,* 18 F.3d 337, 341 (6th Cir.1994) ("The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff."). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all *reasonable* inferences in the favor of that party. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505 (emphasis added). Of course, if the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure,* § 2726. In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact),

"[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). *See also, L.S. Heath & Son, Inc. v. AT & T Information Systems, Inc.,* 9 F.3d 561 (7th Cir.1993); *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915 n. 7 (5th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment...."). Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

## II. Plaintiff's Second Motion to Strike (Doc. # 23)

▮ With her Second Motion to Strike (Doc. # 23), Plaintiff requests that the Court strike the exhibits which the Defendant has attached to his Motion for Summary Judgment (Doc. # 19) and his Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. # 18). The Plaintiff argues that these exhibits must be stricken, because they have not been authenticated. Under Rule 56(e) of the Federal Rules of Civil Procedure, which provides that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto and served therewith," any exhibit submitted in support of or in opposition to a motion for summary judgment must be authenticated. 10A Charels A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure,*

§ 2722. The Court agrees with the Plaintiff that none of the exhibits are attached to an authenticating affidavit; however, that defect will not prevent the Court from considering some of them when ruling on Defendant's Motion for Summary Judgment and when considering his memorandum in opposition to the Plaintiff's motion. For instance, Exhibits 39 and 56 to Defendant's Motion for Summary Judgment, which are themselves affidavits, and Exhibit 55 to that motion, which is a certified copy of the Certificate of Judgment filed in the Clark County Court of Common Pleas, require no additional authentication. In addition, the Court may consider exhibits which have been authenticated by other means. Exhibits 3–14, 19–25, 29, 40–42, 45–50 and 53 to Defendant's Motion for Summary Judgment and Exhibits 1–12 and 14 to the Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. # 18) were authenticated during the depositions of the Plaintiff and/or the Defendant. Finally, Exhibits 15 and 51 to the Defendant's motion and Exhibit 13 to his memorandum are copies of the October 1, 1994 letter, which has been authenticated by the pleadings in this litigation.[5] The motion is overruled as to those exhibits. The Court sustains that motion as it relates to those exhibits which have not been authenticated, to wit: Exhibits 1, 2, 16–18, 26–28, 30–38, and 52 to Defendant's Motion for Summary Judgment.

Accordingly, the Court sustains in part and overrules in part the Plaintiff's Second Motion to Strike (Doc. # 23).

## III. Plaintiff's Motion for Partial Summary Judgment (Doc. # 14). Defendant's Motion for Summary Judgment (Doc. # 14) and Plaintiff's First Motion to Strike (Doc. # 24)

The Plaintiff seeks summary judgment, as to liability, on her claims under both the FDCPA and the OCSPA; the Defendant's

**5.** The Plaintiff has attached a copy of that letter to her Complaint, and the Defendant has admitted the authenticity of same in his Answer.

motion addresses only the FDCPA.[6] The Plaintiff also requests that the Court strike one of the defenses the Defendant has interposed to her claim under that Act. *See* Doc. # 24. As a means of analysis, the Court will discuss the parties arguments relating to the federal act, following which it will turn to the Ohio statute.[7]

## A. FDCPA

■ In determining whether either the Plaintiff or the Defendant is entitled to summary judgment on the Plaintiff's claim under the FDCPA, this Court must apply the "least sophisticated consumer standard." *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025 (6th Cir.1992) (The least sophisticated consumer standard is an objective standard, under which a debt collector will be found to have violated the FDCPA if the collection letters or other communications would have deceived the least sophisticated consumer).

The Plaintiff argues that she is entitled to summary judgment on her claim under the FDCPA, because neither Defendant's September 20th letter nor the one he wrote on October 1st contained the warnings required by 15 U.S.C. § 1692e(11), which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \* \* \* \* \* \*

(11) Except as otherwise provided for communications to acquire location information under section 1692b of this title, the failure to disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

The Court will discuss the two letters in the opposite order in which they were sent.

For reasons which follow, this Court concludes, as a matter of law, that the October 1st letter did not violate § 1692e(11). In that letter, Defendant wrote:

> A payment of $1,235.03 was received today. This letter will acknowledge that said payment constituted payment in full of Urbana University's judgment. On the check clearing, I will release the school's judgment and lien and dismiss the foreclosure suit that was filed and see that you receive copies of same.

*See* Plaintiff's Complaint (Doc. # 1) at Exhibit B. That letter did not include the § 1692e(11) warnings; however, that omission is irrelevant. Section 1692e(11) explicitly provides that the warnings must be disclosed "in all communications made to collect a debt or to obtain information about a consumer." The October 1st letter was not such a communication; rather, it informed the Plaintiff that her check had been received and that the judgment and lien would be released and the foreclosure action dismissed. Indeed, the Defendant wrote that letter *after* the Plaintiff had

---

**6.** In response to the Defendant's Motion for Summary Judgment (Doc. # 19), the Plaintiff has filed an affidavit of counsel, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, stating that more discovery is required to respond to that motion. *See* Doc. # 25. Below, the Court discusses that affidavit and provides Plaintiff an opportunity to convince the Court that more discovery is necessary.

**7.** Throughout their memoranda, the parties cite and discuss Defendant's letters, other

than those of September 20th and October 1st. While not stating that the "other letters" completely lack relevance, the Court stresses that the Plaintiff's Complaint is limited to the letters of September 20th and October 1st. The issue before this Court is not whether one or more or all of the letters, other than those of September 20th and October 1st, violated the FDCPA and/or the OCSPA; rather, the issue is whether those two communications are violative of these statutory enactments.

paid the debt she owed. Accordingly, the Court sustains the Defendant's Motion for Summary Judgment (Doc. # 19) and overrules Plaintiff's Motion for Partial Summary Judgment (Doc. # 14), to the extent that those motions relate to the aspect of Plaintiff's claim under the FDCPA wherein she contends that the Defendant violated that statute by failing to include the § 1692e(11) warnings in his October 1st letter.

■ In his September 20th letter, Defendant wrote:

Today I was informed that the mortgage company will not be paying off Urbana University's judgment on your federal student loans. Enclosed is a copy of the lien placed on your land last May. As we will not be receiving the $1,217.53 owed, this week a title search will be commenced in preparation for foreclosing on your land.

*See* Plaintiff's Complaint (Doc. # 1) at Exhibit A.[8] The Defendant did not include the § 1692e(11) warnings in that letter. Unlike the October 1st letter, this Court concludes, as a matter of law, that the September 20th letter was a communication "made to collect a debt." Although the Defendant did not explicitly state that he was attempting to collect a debt from the Plaintiff, he wrote that the Plaintiff owed a sum for her student loan and he explained what was going to happen next (i.e., that he would initiate foreclosure proceedings against her property). Moreover, the September 20th letter was but one of a series of communications the Defendant directed to the Plaintiff in an effort to collect the defaulted student loan. Therefore, the only reasonable interpretation of the September 20th letter is that it was a communication made to collect a debt. Accordingly, the Court concludes that the Defendant violated § 1692e(11) by not including the requisite warnings in that letter. However, their absence does not necessarily entitle Plaintiff to summary judgment on her claim under the FDCPA that the September 20th letter violated the statute because it did not include those warnings. The Defendant has raised the bona fide error defense, upon which both parties seek summary judgment and to which the Court now turns.

■ The bona fide error defense is contained in 15 U.S.C. § 1692k(c), which provides:

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

The Defendant's bona fide error defense results from the state of the law at the time he sent the September 20th letter to the Plaintiff. In *Green v. Hocking,* 9 F.3d 18 (6th Cir.1993), the Sixth Circuit had held that there is a "litigation exception" to the FDCPA, under which a lawyer engaged in litigation was exempt from the requirements of that statute.[9] *See Id.* at 22 ("We therefore hold that the actions of an attorney while conducting litigation are not covered by the FDCPA."). *Green* remained the law governing the FDCPA, in Ohio and the other states of the Sixth Circuit, until April 18, 1995, when the United States Supreme Court decided, in *Heintz v. Jenkins,* 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995), that the FDCPA did not contain a "litigation exception." The Defendant argues that even if he did not comply with the FDCPA, said

---

8. In his Answer, the Defendant admitted the authenticity of the copy of the September 20th letter which Plaintiff had attached to her Complaint. *See* Doc. # 2 at ¶ 1.

9. As originally enacted, lawyers were excluded from the definition of debt collector under the FDCPA. In 1986, Congress deleted that exemption from the definition. 100 Stat. 768. As a consequence of this amendment to the FDCPA, the only exemption from the FDCPA enjoyed by attorneys was the "litigation exception" recognized by the Sixth Circuit in *Green, supra.*

failure to comply must have been an unintentional, bona fide error, since his actions comported with the governing law at the time he wrote the September 20th letter.[10] The Plaintiff, on the other hand, argues that Defendant was not engaging in litigation when he wrote that letter and that, therefore, *Green* is irrelevant.[11] This Court concludes that, since the Defendant was engaging in litigation when he sent the September 20th letter, the litigation exception, recognized by *Green*, applies to that letter. The uncontroverted evidence before the Court is that those letters were written as part of the Defendant's effort to enforce the consent judgment which had been entered against the Plaintiff in the Champaign County Municipal Court. The Defendant had caused a Certificate of Judgment to be filed in the Clark County Court of Common Pleas and wrote the letter to inform the Plaintiff that he was preparing to commence a foreclosure action against her. Litigation continues from the time a lawsuit is filed until the time that the judgment entered in that lawsuit is satisfied by whatever means. Indeed, both the Federal and Ohio Rules of Civil Procedure contain provisions relating to the enforcement of judgments. *See* Fed.R.Civ.P. 69; Ohio R.Civ.P. 69. The Plaintiff also argues that the Defendant has not presented evidence establishing that he relied upon the Sixth Circuit's decision in *Green* when he failed to include the § 1692e(11) warnings in his letter of September 20th. Although the Court agrees with the Plaintiff that the Defendant has not presented such evidence, it cannot agree that the absence of same means that the bona fide error defense is not valid herein. The fact that the Defendant has failed to establish, as a matter of law, that he relied upon *Green* does not alter the fact that when the Defendant wrote his letter of September 20th, that letter did not violate the FDCPA. If one acts in accordance with the governing law at the time of an act in question, it is not necessary for that individual or entity to offer proof of reliance upon that law in order to justify action or non-action in accordance with same. Therefore, the Court concludes that even though the Defendant's September 20th letter did not comply with the requirements of § 1692e(11), the defective nature of the letter did not constitute a violation of the FDCPA, because it was an unintentional, bona fide error under § 1692k(c), given that the Defendant was proceeding in accordance with the then governing law.[12] Simply stated, it is not possible for someone to intentionally violate a statute when, at the time of the alleged violation, the conduct in question did not constitute such a violation.[13] Accordingly, the Court sus-

10. Defendant wrote that letter after the Sixth Circuit had decided *Green*, but before the Supreme Court decided *Heintz*.

11. The Plaintiff also argues that this Court must give retroactive effect to *Heintz, supra.* The Court does agree that it must apply that decision retroactively; however, the question before the Court is not whether to apply *Heintz* in that fashion. Rather, the Court must decide whether a violation of the FDCPA will be excused under the bona fide error defense, because, at the time the violation occurred, *the controlling law was that the conduct in question did not constitute such a violation.*

12. Section 1692e(11) provides that an unintentional, bona fide error is a defense, only when it occurs "notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." In the present context, no such procedures could exist. The error in this case occurred as a result of a change in the controlling interpretation of the FDCPA, following the conduct in question. When Defendant sent the September 20th letter, he was exempt from the requirements of the FDCPA. When the United States Supreme Court subsequently decided *Heintz*, the Defendant lost that exemption. This Court cannot conceive of any procedures a person could maintain which would be "reasonably adapted to avoid any such error," i.e., to guard against a change in the law which makes certain actions or inactions sanctionable by the FDCPA, when such conduct was in accordance with the law at the time of the acts in question.

13. One must wonder whether conduct in accordance with the then governing law can ever constitute an "error." For purposes of

tains the Defendant's Motion for Summary Judgment (Doc. # 19) and overrules that of the Plaintiff (Doc. # 14), to the extent that those motions relate to the aspect of Plaintiff's claim under the FDCPA in which she contends that the Defendant violated that statute by failing to include the § 1692e(11) warnings in his September 20th letter.

■ The Defendant also argues that he is entitled to summary judgment because he is exempt from the FDCPA.[14] In support of that argument, he relies upon 15 U.S.C. § 1692a(6)(C), which excludes from the definition of debt collector,[15] "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." Defendant contends that, since he was attempting to collect a defaulted student loan which was guaranteed by the United States and, further, since the collection of such defaulted loans is regulated by the federal government, he was an agent of the United States and, thus, excluded from the definition of debt collector. In support of this argument, the Defendant relies upon *Games v. Cavazos,* 737 F.Supp. 1368 (D.Del.1990), wherein the court concluded that one of the defendants, United Student Aid Funds, Inc. ("USA Funds"), a private, non-profit corporation which participated in the federal student loan program, was an agent of the government and, as a consequence, excluded from the definition of debt collector. In response to the Defendant's argument, the Plaintiff has filed her First Motion to Strike (Doc. # 24), with which she requests that the Court strike the Defendant's defense predicated upon the assertion that he is not a debt collector. Initially, the Plaintiff sought to

distinguish *Games* because, unlike USA Funds, Defendant is not a non-profit agency. Subsequently, the Plaintiff argued that this Court should follow the recent decision of the Ninth Circuit in *Brannan v. United Student Aid Funds, Inc.,* 94 F.3d 1260 (9th Cir.1996), regardless of whether the factual difference between this litigation and *Games* constitutes a meaningful distinction, i.e., a distinction with a difference. *See* Doc. # 35. In *Brannan,* the Ninth Circuit concluded that USA Funds is not excluded from the definition of debt collector, regardless of whether it acted as an agent of the United States. In reaching the opposite conclusion from that of *Games,* the *Brannan* court wrote:

> USA Funds contends and the district court held that a GSL [government student loan] guaranty agency is exempt from the FDCPA under § 1692a(6)(C), which exempts "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties."

> Reversing the district court, we hold that USA Funds is not a government actor exempt from the FDCPA under § 1692a(6)(C). "[W]here a statute names the parties which come within its provisions, other unnamed parties are excluded." *Foxgord v. Hischemoeller,* 820 F.2d 1030, 1034 (9th Cir.), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 502 (1987). *This exemption applies only to an individual government official or employee who collects debts as part of his government employment responsibilities.* USA Funds is a private nonprofit organization with a gov-

this Opinion, however, this Court has assumed that action or inaction which appears to violate a statute (without considering the reasons therefor) constitutes an "error." What then must be determined is whether such error is both unintentional and bona fide.

14. This argument is directed at both the September 20th and October 1st letters.

15. The FDCPA imposes liability upon any debt collector who fails to comply with its provisions. *See* 15 U.S.C. § 1692k(a). Therefore, if Defendant was not a debt collector, he cannot be liable under the FDCPA.

ernment contract; it is not a government agency or employee.

*Id.* at 1263 (emphasis added). This Court finds the reasoning of the *Brannan* court to be persuasive. Simply stated, if Congress had intended to exclude from the definition of debt collector those who are not government officials or employees (a private, non-profit organization in *Brannan* and an individual herein, both arguably agents of the United States), it would have so provided in § 1692a(6)(C). Since the Defendant was an attorney in private practice, rather than an officer or employee of the United States, he is not excluded from the definition of debt collector, regardless of whether the Defendant was acting as an agent of the United States at the time the letters of September 20th and October 1st were written. Accordingly, the Court overrules the Defendant's Motion for Summary Judgment (Doc. # 19), to the extent that the Defendant argues that he is not a debt collector. In addition, the Court sustains the Plaintiff's First Motion to Strike (Doc. # 24), with which she sought to strike that defense raised by the Defendant.[16]

In response to the Defendant's Motion for Summary Judgment (Doc. # 19), the Plaintiff has filed an affidavit of counsel, stating that more discovery is required to respond to that motion. *See* Doc. # 25.

Specifically, counsel states that he needs additional discovery in order to determine Defendant's procedures, knowledge and intent.[17] Herein, the Court has concluded, as a matter of law, that the October 1st letter was not a communication made to collect a debt and that the failure of the September 20th letter to comply with § 1692e(11), was an unintentional, bona fide error and, therefore, not a violation of the FDCPA. This Court fails to see how Defendant's procedures, knowledge and intent could conceivably create a genuine issue of material fact on either of those issues. However, if the Plaintiff disagrees, she may file, within 10 days from date, a motion seeking reconsideration of this Decision and stating with particularity the discovery needed and how same could lead to the discovery of evidence sufficient to raise a genuine issue of material fact on either issue.[18]

In sum, the Court concludes that the Defendant is entitled to summary judgment on the Plaintiff's claim that the September 20th and October 1st letters were violative of the FDCPA, for failure to include the § 1692e(11) warnings. Since that is the only theory the Plaintiff has identified in any of her memoranda, this Court concludes that the Defendant is en-

---

16. The Plaintiff also argues that the Defendant admitted that he is a debt collector in his Answer. Since the Court has concluded that the Defendant is not exempt from the definition of that term, because he was not an officer or employee of the United States when he collected the debt owed by the Plaintiff, it is not necessary to address this alternative argument.

17. Plaintiff's counsel also states that he needs to complete Defendant's deposition in a full and fair manner in order to discover whether Defendant charged and collected interest on a portion of the judgment not owed by the Plaintiff, whether the Defendant discussed the Plaintiff's debt with third parties without her permission and whether he threatened to stop the sale of her house. None of these allegations is in her Complaint, which is limited to the September 20th and October 1st letters;

therefore, they are not the subject of Defendant's Motion for Summary Judgment, and Plaintiff does not need to conduct discovery on those questions in order to respond to that motion. Plaintiff's counsel also states that he needs to complete Defendant's deposition to discover whether he (Defendant) failed "to provide the satisfaction of the lien as stated." In his October 1st letter, the Defendant wrote that when the Plaintiff's check cleared, he would release the lien. This Court fails to understand why Plaintiff's counsel has been unable to determine whether the lien has been released by a search of the records at the office of the Clerk of Courts for the Clark County Common Pleas Court.

18. When the Court last spoke with counsel, it indicated that it would rule on the pending motions for summary judgment, prior to resolving their discovery disputes.

titled to summary judgment on the entirety of her claim under the FDCPA.[19]

## B. OCSPA

The Plaintiff argues that she is entitled to summary judgment on her claim under the Ohio statute, merely because she is entitled to summary judgment on her claim under the FDCPA. Since the Court has overruled Plaintiff's Motion for Partial Summary Judgment (Doc. # 14), as it relates to her claim under the federal statute, the Court overrules same as it relates to the OCSPA. In his motion, the Defendant does not request summary judgment on Plaintiff's claim under the OCSPA.

As a result of the Court's rulings herein, only the Plaintiff's claim under the OCSPA remains in this litigation. To resolve that claim, the Court directs the Defendant to file a focused motion for summary judgment addressing same, not later than twenty (20) days from date.

19. In a demand letter Plaintiff's counsel wrote to Defendant before this lawsuit was filed, two other potential violations of the FDCPA were identified, to wit: that the September 20th letter misrepresented that a lien had been placed upon the Plaintiff's property and that said letter created a false sense of urgency. If the Plaintiff were to rely on either of those assertions in this litigation, the Court would in all likelihood conclude that they were without merit. Plaintiff's counsel admitted that his contention that the September 20th letter misrepresented the filing of a lien was incorrect. See Plaintiff's Deposition at 93–94. Simply stated, the filing of a Certificate of Judgment (which was unquestionably done) creates a lien against the real estate owned by the debtor. See Ohio Rev.Code § 2329.02. With respect to the false sense of urgency, the evidence before the Court is that the Defendant did indeed file a foreclosure action. Therefore, the Court fails to see how the September 20th letter created a *false* sense of urgency. Since the alternative theories set forth in counsel's letter appear to be

without merit and, further, since they were not briefed by Plaintiff's counsel, the Court has concluded that the Plaintiff has abandoned them. Moreover, in her Reply Memorandum, the Plaintiff reserves the right to move for further summary judgment on certain defects in the Defendant's October 24, 1992, letter. See Doc. # 26 at 4. The Court notes that not only is this letter not the subject of the Plaintiff's Complaint, but also that any claim arising out of it would seem to be barred by the one-year statute of limitations governing the FDCPA. For the same reasons, the Plaintiff's assertion that the letter sent by the Defendant in March, 1993, did not contain the validation notices required by 15 U.S.C. § 1692g (see Doc. # 26 at 5–6), would also appear to be without merit. However, if Plaintiff's claim that the September 20th and October 1st letters violated the FDCPA is predicated upon a theory other than the absence of § 1692e(11) warnings, she must file a motion for reconsideration, within 10 days from date, identifying said theory or theories.