**Kyu Y. YANG and Jae D. Yang, Plaintiffs,**

v.

**DTS FINANCIAL GROUP, Defendant.**

**No. 07CV1731 JLS (WMc).**

United States District Court, S.D. California.

Aug. 12, 2008.

Joshua Swigart, Hyde and Swigart, San Diego, CA, for Plaintiffs.

Jeffrey Michael Cohon, Kristina Suzanne Keller, Cohon & Pollak, LLP, Los Angeles, CA, for Defendant.

## ORDER DENYING MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

JANIS L. SAMMARTINO, District Judge.

Presently before the Court is DTS Financial Group's ("defendant") motion to dismiss the first and second causes of action of Kyu Y. Yang and Jae S. Yang's ("plaintiffs") complaint for failure to state a claim. Alternatively, defendant asks the Court to convert its motion into one for summary judgment by considering the extrinsic evidence submitted with its motion.

## BACKGROUND

### A. Facts

In deciding the present motion, the Court assumes the truth of the complaint's allegations and presents only those allegations necessary to decide the present motion. Before May 1, 2006, plaintiffs became concerned about their debt burden because they could only make minimum payments on certain obligations. (Compl. ¶ 27.) They discovered defendant's website, which advertised a "Debt Settlement Strategy" by which debtors would pay defendant instead of creditors and defendant would negotiate a fractional repayment of the debt. (Id. ¶ 33.) During a telephone call, defendant explained to plaintiffs that they would pay a monthly amount to defendant upon acceptance into defendant's program. (Id. ¶ 41.) Some of this money would eventually be used to pay plaintiffs' creditors. (Id. ¶ 42.) During the program, plaintiffs would neither pay their debts nor communicate with their creditors. (Id. ¶¶ 38, 40.) After entering defendant's program, plaintiffs were sued by several creditors. (Id. ¶ 64.) Defendant

then recommended that plaintiffs file for bankruptcy or hire an attorney. (Id.)

Plaintiffs repeatedly allege that defendant is a for profit organization providing credit counseling and assisting in debt liquidation by distributing consumer payments to creditors. (FAC ¶¶ 2, 17, 45–46.) Plaintiffs also allege that defendant uses the mail and interstate commerce to collect debts, or, in the alternative, regularly collects debts owed another. (Id. ¶ 16.) Plaintiffs further allege that, in the ordinary course of business, defendant engages in "debt collection" as defined by state law. (Id. ¶ 18.)

### B. Procedure

Plaintiffs filed the complaint on September 10, 2007. (Doc. No. 1.) Plaintiffs plead causes of action for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ.Code §§ 1788–1788.32; Credit Repair Organization Act, 15 U.S.C. § 1679 et seq.; Credit Services Act of 1984, Cal. Civ.Code § 1789.10 et seq.; and negligence. Defendant filed the motion for dismissal or, in the alternative, summary judgment on October 29, 2007. (Doc. No. 6.) Plaintiffs filed their opposition on January 4, 2008. Defendant replied on January 11, 2008. Finding the matter fully briefed, the Court took the matter under submission for decision on the papers, pursuant to Civil Local Rule 7.1(d)(1).

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to FRCP 12(b)(6) tests the legal sufficiency of the claims in the complaint. The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the com-

plaint in the light most favorable to plaintiffs. *Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995); *N.L. Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986). To survive a motion to dismiss, however, a plaintiff must allege facts that are enough to raise his or her right to relief "above the speculative level." *See Bell Atl. Corp. v. Twombly,* — U.S. ——, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007). While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," and not simply conceivable. *Id.* at 1974; *Weber v. Dep't of Veterans Affairs,* 521 F.3d 1061, 1065 (9th Cir.2008). The court looks not at whether the plaintiff "will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Jackson v. Carey,* 353 F.3d 750, 755 (9th Cir.2003). In the Ninth Circuit, the Rule 12(b)(6) motion " 'is viewed with disfavor and is rarely granted.' " *McDougal v. County of Imperial,* 942 F.2d 668, 676 n. 7 (9th Cir. 1991) (quoting *Hall v. City of Santa Barbara,* 833 F.2d 1270, 1274 (9th Cir.1986)).

## DISCUSSION

Defendant moves to dismiss the first and second causes of action for violation of the FDCPA and RFDCPA because plaintiff has failed to plead adequately that defendant is a "debt collector" within the meaning of either statute. The Court considers each statute in turn.

The FDCPA defines "debt collector" as follows: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (2007). Defendant relies on *Limpert v. Cambridge Credit Counseling Corp.,* wherein the district court dismissed with prejudice the FDCPA claim against credit counseling corporations because they fell outside the statute's definition of "debt collectors". 328 F.Supp.2d 360, 363 (E.D.N.Y.2004). The plaintiff debtors alleged that the credit counselors offered debt management plans which allowed the debtors to pay the credit counselors, who then made payments to the creditors. *Id.* at 361. The district court relied on the "finely cut [but] nonetheless controlling" distinction between credit counseling and debt collection, emphasizing (1) the debtors' voluntary decision to retain the credit counselors for their services; (2) the credit counselors' practice of assuming debts, rather than collecting them; and (3) the absence of allegations that the credit counselors sought out these debtors to harass them into paying debts. *Id.* at 363. Here, defendant urges the Court to follow *Limpert,* distinguish between debt collectors and debtor-retained consumer counselors, and dismiss the FDCPA claim (and the related state-law claim) because defendant is not a "debt collector."

■ The Court rejects defendant's argument for two reasons. First, plaintiffs have carefully pled around a specific exception to the FDCPA's definition of "debt collector" in a way that plausibly brings defendant's activities within the purview of the statute. 15 U.S.C. § 1692a(6)(E) explains that "debt collector" does not include "any *nonprofit* organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts

by receiving payments from such consumers and distributing such amounts to creditors" (emphasis added). Here, plaintiffs allege that defendant performs the same functions described in § 1692a(6)(E), but as "a *for profit* organization". (Compl. ¶ 46 (emphasis added).) If Congress had wanted to exclude categorically all consumer credit counseling services from FDCPA liability, it could have omitted the word "nonprofit" from § 1692a(6)(E). *See Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 230 (4th Cir.2007) ("[i]f Congress had wished to exempt [certain conduct] from the definition of 'debt collector,' it could easily have drafted a seventh [1] exception to this effect"); *Knight v. Schulman*, 102 F.Supp.2d 867, 876 (N.D.Ohio 1999) (same).

*Knight* is particularly instructive because it involves the proper construction of a sister exclusion provision in § 1692a(6). Specifically, § 1692a(6)(C) exempts federal or state government employees from the definition of "debt collector" when they collect a debt in the performance of official duties. The *Knight* court rejected the argument that a debt collector qualified for this exclusion by being an agent of the United States in collecting a loan that the federal government guaranteed. 102 F.Supp.2d at 876. The court found persuasive the statutory interpretation of the Ninth Circuit, which held under similar facts, " 'where a statute names the parties which come within its provisions, other unnamed parties are excluded.' " *Id.* at 875 (quoting *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1263 (9th Cir.1996)). As plaintiffs explain, the formal doctrine of *expressio unius est exclu-*

*sio alterius* precludes the implication of other exceptions where a statute expressly enumerates an exception. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1169 (9th Cir.2006).

Applied to the allegations of the complaint in this case, defendant does not presently fall within the exemption of § 1692a(6)(E) because this provision names "nonprofit" organizations performing the listed functions. To give effect to the word "nonprofit," the exemption necessarily does not extend to for-profit organizations performing those same functions. *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 834 (9th Cir.1996) (emphasizing statutory interpretation that gives significance to the entire statute and does not "make surplusage of any provision"); *but see Von Schmidt v. Kratter*, 9 F.Supp.2d 100, 104 n. 3 (D.Conn.1997) (rejecting the argument, at the summary judgment stage, that § 1692a(6)(E) required a finding that all organizations performing these activities as for-profit organizations were "debt collectors" within the meaning of the FDCPA). Although, as defendant explains, *Clark* would only apply the formal doctrine when it conforms with the statute's general purpose, the Court finds insufficient conflict between the allegations of the complaint and the purpose of the FDCPA [2] to warrant dismissal of the FDCPA claim.

Second, plaintiff has satisfied the minimum burden required to survive a FRCP 12(b)(6) motion. Accepting the allegations of the complaint as true, the Court finds that plaintiff has adequately pled "a short and plain statement of the claim" that

---

1. 15 U.S.C. § 1692a(6)(E) is one of six enumerated exceptions to the definition of "debt collector". The other five have no relevance to this case.

2. The statute's purpose is "to protect consumers from a host of unfair, harassing, and de-

ceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S.Rep. No. 95–382, at 1 (1977), *reprinted* in 1997 U.S.C.C.A.N. 1695, 1696.

"give[s] the defendant fair notice" of the claim and plaintiff's grounds for relief. *Bell Atlantic Corp.*, 127 S.Ct. at 1964 (quoting Fed.R.Civ.P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Here, plaintiff tracks the language of the FDCPA's definition of "debt collector" and concisely identifies the conduct which allegedly brings defendant within that statute. (*See* Compl. ¶¶ 16, 45.) Such allegations satisfy the liberal notice pleading requirements of FRCP 8(a) and preclude dismissal pursuant to FRCP 12(b)(6). *See Sheldon v. Unum Life Ins. Co. of Am.*, 2006 WL 1288774, at *2 (D.Neb. May 9, 2006). A complaint should not be dismissed simply because "it may appear on the face of the pleadings that a recovery is very remote and unlikely[.]" *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683; *Jackson*, 353 F.3d at 755. At this stage of the litigation, the Court declines to follow the non-binding precedent of the *Limpert* court in parsing the distinction between debt collectors and credit counselors.

■ Instead, defendant's argument about what its business actually involves more appropriately belongs in a motion for summary judgment. Defendant asks this Court to convert this present motion to dismiss into a motion for summary judgment by considering the declaration of its president, Daniel Smith, who explains that defendant is a debt settlement company retained exclusively by debtors and not involved in the collection of debts. (Smith Decla. ¶¶ 2–3, 7.) If the Court denies the FRCP 12(b)(6) motion, defendant requests an extension of time to submit more extrinsic evidence pursuant to FRCP 56.

In its discretion, the Court will instead deny the motion for summary judgment without prejudice. Proceeding on summary judgment this early in the case will disadvantage plaintiff, who cannot obtain discovery prior to meeting and conferring with defendant. *See* Fed.R.Civ.P. 26(d)(1).

In this district, the parties' first meet-and-confer opportunity comes at the early neutral evaluation (ENE), conducted by the magistrate judge within forty-five days of the filing of an answer. *See* Civ. L.R. 16.1(c)(1). Also, the magistrate judge will not hear discovery motions prior to the conduct of the ENE. *See* Civ. L.R. 26.1(a). Therefore, any summary judgment proceedings at this phase would unfairly advantage defendant and work a prejudice against plaintiffs.

■ Plaintiff's state-law claim under the RFDCPA also survives defendant's motion to dismiss. California defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ.Code § 1788.2(c) (2008). The same statute broadly defines debt collection as "any act or practice in connection with the collection of consumer debts." *Id.* § 1788.2(b). The Court finds that the complaint adequately pleads that defendant engaged in what the RFDCPA defines as "debt collection". (*See* Compl. ¶¶ 18, 47.) Specifically, the complaint alleges that defendant regularly took payments from consumers and distributed those sums to the consumer's creditors. (*Id.* ¶ 47.) Defendant's preemption argument is misplaced because the FDCPA does not preempt state laws providing consumers with greater protection than the federal statute. *See* 15 U.S.C. § 1692n (2007); *Irwin v. Mascott*, 96 F.Supp.2d 968, 974 (N.D.Cal.1999). For the reasons stated *supra*, the Court likewise declines to convert this part of defendant's motion into one for summary judgment.

## CONCLUSION

The Court **DENIES** defendant's motion to dismiss the first and second causes of action for failure to state a claim. The

Court **DENIES WITHOUT PREJUDICE** defendant's motion for summary judgment on these causes of action. Defendant **SHALL ANSWER** the complaint and **MAY RENEW** its motion for summary judgment *after* the parties have conducted the early neutral evaluation with the magistrate judge.

IT IS SO ORDERED.