**Diana JACKSON–SPELLS, Plaintiff,**

v.

**Ernest P. FRANCIS, Esq.,
et al., Defendants.**

**No. Civ. AMD 99–330.**

United States District Court,
D. Maryland.

March 29, 1999.

---

Clarence Paul Champion, III, Upper Marlboro, MD, for plaintiff.

Ernest P. Francis, Arlington, VA, for defendants.

## MEMORANDUM

DAVIS, District Judge.

According to the complaint in this case, the plaintiff, Diana Jackson–Spells, owned a 1987 motor vehicle. In April and May 1998, she delivered the vehicle to an automotive repair shop operated by Sayyad Enterprises, Inc. for repairs. A dispute arose between plaintiff and the repair shop over the adequacy and cost of the repairs. Jackson–Spells refused to pay what was demanded and, consequently, the shop asserted a mechanic's possessory lien under Maryland law and refused to return the vehicle to plaintiff. Jackson–Spells, acting pro se, sued in state court for replevin, i.e., she sought possession of the vehicle and damages.

The repair shop retained defendant here, Francis, an attorney, to represent it in the replevin action brought by Jackson–Spells. In connection with his representation of the repair shop, Francis sent two written settlement offers directly to the unrepresented Jackson–Spells. Those letters, one incorrectly dated, were attached as exhibits to the complaint in this case, and are attached to this Memorandum.

Jackson–Spells, now represented by counsel, brought this action under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, asserting that Francis's letters to her offering to settle the replevin litigation instituted by Jackson–Spells constituted "debt collection" activities. If those letters are correctly characterized as efforts at "debt collection" they undoubtedly did not contain the information federal law requires.

The Act clearly covers the activities of attorneys who undertake debt collection efforts, including litigation. *Heintz v. Jenkins,* 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). Under what seems to be plaintiff's theory of *Heintz,* however, whenever a lawyer undertakes to represent a client sued by a consumer, who is acting pro se and who has withheld payment for a service, the Act is triggered and compels such counsel to comply with its terms in any written offer to settle the litigation. Needless to say, plaintiff has cited no case that has stretched *Heintz* so far and the court has found none despite exhaustive research.

I am satisfied that, as a matter of law, the letters involved here are not "communications" within the definition of that term under the Act. *See* 15 U.S.C. § 1692a(2) ("The term 'communication' means the conveying of information regarding a debt...."). Rather, they were precisely what they purported to be: offers to settle litigation which the consumer had herself initiated. Plaintiff has failed to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Accordingly, defendant's motion to dismiss shall be granted.

498

PLAINTIFF'S
EXHIBIT
C
ALL-STATE® INTERNATIONAL

# ERNEST P. FRANCIS, LTD.
*Attorney at Law*

1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
(703) 683-5696
Fax (703) 683-2785

August 21, 1997

<u>By First Class Mail</u>

Ms. Diana Jackson-Spells
3407-B White Fir Ct.
Waldorf, MD  20602

>      Re:   Diana Jackson-Spells v. Sayyad Enterprises
>            Civil Case No. 22021-98
>            <u>District Court for Prince George's County</u>

Dear Ms. Jackson-Spells:

Please be advised that I represent Sayyad Enterprises in the above referenced case.  My client claims a mechanic's lien in the amount of $650 on the vehicle at issue in this suit.  In order to avoid the necessity of litigating this matter he is willing to settle for a payment by you of somewhat less than this amount in full satisfaction of all claims, and he will then return the car to you.

In the event that this matter proceeds to a hearing on Thursday, we are entitled to ask for a bond in substitution of the mechanic's lien if the vehicle is released to you.  The bond that we will seek will be more than $650.  You may therefore be required to put up more than $650 if the court is to order the car returned to you on Thursday.

This can, of course, be avoided if the matter can be resolved through mutual agreement.  If you are willing to make partial payment of the amount due, then please let me know what you are willing to pay.

Very truly yours,

Ernest P. Francis

Ernest P. Francis

## ERNEST P. FRANCIS, LTD.
*Attorney at Law*

1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
(703) 683-5696
Fax (703) 683-2785

PLAINTIFF'S EXHIBIT

ALL-STATE® INTERNATIONAL

October 9, 1998

By First Class Mail

Ms. Diana Jackson-Spells
3407-B White Fir Ct.
Waldorf, MD  20602

WITHOUT PREJUDICE
FOR SETTLEMENT PURPOSES ONLY

Re:  Diana Jackson-Spells v. Sayyad Enterprises
     Civil Case No. 22021-98
     District Court for Prince George's County

Dear Ms. Jackson-Spells:

When we spoke previously, you had offered the sum of $325 (to be paid through monthly payments) in full settlement of the amount due my client for the repairs that he made to the vehicle at issue in this case.  While he cannot agree to this proposal, he will accept a lump sum payment of $475 in satisfaction of the debt owed him.  This sum must be paid at once inasmuch as my client is only willing to agree to accept that sum if it is made in a single payment.

If you wish to make partial payments, then you will need to pay the full amount due of $696.  My client is willing to accept partial payments provided that you execute a note for the payment of the remaining principal amount at 12 per cent interest.  In addition, the note must also contain a clause for the payment of reasonable attorneys fees in the event of a default in payments on the note. The amount of the monthly payment (and the number of monthly payments) will depend on the amount of the payment that you elect to make each month.

The car will be running when my client delivers it to you. Inasmuch as he is not licensed to perform inspections, he cannot guarantee that the car will pass inspection.  If you are willing

500

Ms. Diana Jackson-Spells
October 9, 1998
Page 2

to agree to the terms set forth in the preceding paragraphs, then please advise me at your earliest convenience.

Very truly yours,

*Ernest P. Francis*

Ernest P. Francis

cc: Farid M. Sayyed