In re: **Lamar CHAPMAN III,** Debtor–Appellant,

**Lamar Chapman III, Plaintiff–Appellant,**

v.

**Diane Fischer, et al., Defendants–Appellees.**

No. 01–4209.

United States Court of Appeals, Seventh Circuit.

---

**2.** We decline the respondent's invitation to revisit our decision in *Walker v. O'Brien,* 216 F.3d 626 (7th Cir.2000).

Submitted Oct. 23, 2002.*

Decided Oct. 23, 2002.

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Debtor Lamar Chapman III brought a pro se adversarial action in bankruptcy court against attorneys Diane Fischer, Ronald Kane, and Michael Kraft, and their law firm, Kane & Fischer, Ltd., asserting as relevant here that the defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 29 U.S.C. § 1692 *et seq.*, when they allegedly attempted to collect a debt Chapman owed to Charles Schwab & Co., Inc. Following a recommendation by the bankruptcy court in this non-core proceeding, *see* 28 U.S.C. § 157(c)(1); Fed. R. Bankr.Proc. 9033(d), the district court granted summary judgment to the defendants. Chapman appeals, and we affirm.

Chapman filed for Chapter 13 bankruptcy in February 2000. He subsequently filed an adversary proceeding against Schwab and several of its employees (the "Schwab litigation") alleging that he was wrongfully denied access to over $47,000 in his Schwab account. The Schwab defendants hired Kane & Fischer to represent them in Chapman's suit. During the course of the Schwab litigation, Kane & Fischer lawyers communicated with Chapman both orally and in writing, and also filed a proof of claim on Schwab's behalf against the bankruptcy estate for approximately $77,000. Chapman subsequently filed a second adversary proceeding from which this appeal stems, arguing that the defendants' communications and proof of claim violated the FDCPA because they were improper attempts to collect a debt. The bankruptcy court recommended that the district court grant summary judgment in favor of the defendants because none of the communications involved the collection of a "debt" as defined in the FDCPA. The district court accepted the bankruptcy

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

court's recommendation and granted summary judgment to Kane & Fischer.

While Chapman presents a number of arguments in his brief, only one was presented to the district court and is not waived on appeal. *Clay v. Holy Cross Hospital,* 253 F.3d 1000, 1009 n. 8 (7th Cir.2001). This argument focuses on just one of the lawyers' communications, and suggests that the district court improperly granted summary judgment. Chapman alleges that after a court hearing in the Schwab litigation on July 31, 2000, Michael Kraft told him, "Mr. Chapman, just cut a check for $77,860.00 and this could all be over." The bankruptcy court and the district court viewed this statement as a settlement offer by Kraft, which is not actionable under the FDCPA; Chapman objects. Although it is true that the FDCPA applies to attorneys engaged in consumer debt-collection litigation, *Heintz v. Jenkins,* 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995), it does not encompass " 'communications' inherent in an ordinary lawsuit." *Id.* at 296, 115 S.Ct. 1489. Thus, as the district court properly held, settlement offers made by a defendant during the course of a consumer-initiated lawsuit do not constitute "communications" as defined by the FDCPA, 15 U.S.C. § 1692a(2). *See Jackson–Spells v. Francis,* 45 F.Supp.2d 496, 497 (D.Md.1999), *affirmed,* No. 99–1910, 1999 WL 795667 (4th Cir.1999) (unpublished order). Summary judgment was therefore properly granted to the defendants.

AFFIRMED.