**Craig A. GEIGER, Plaintiff–Appellant,**

v.

**CREDITORS INTERCHANGE, INC., Defendant–Appellee.**

**No. 02–4075.**

United States Court of Appeals, Sixth Circuit.

March 19, 2003.

Before MARTIN, Chief Judge; KENNEDY and DAUGHTREY, Circuit Judges.

*ORDER*

Craig A. Geiger, an Ohio resident proceeding pro se and in forma pauperis, appeals the district court order dismissing his action filed pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Geiger sued Creditors Interchange, Inc. (Creditors), a collections agency. Geiger alleged that Creditors violated the FDCPA by: (1) communicating with him without identifying itself as a debt collector; and (2) continuing to communicate with him after he told Creditors to cease and desist. The magistrate judge granted Geiger in forma pauperis status, screened the complaint, and recommended dismissing the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). The district court adopted the magistrate judge's report and

recommendation over Geiger's objections and dismissed the case.

In his timely appeal, Geiger argues that: (1) the debt collector warning language of 15 U.S.C. § 1692e(11) must be incorporated into every communication between a debt collector and a consumer; (2) Creditors violated the FDCPA by contacting him directly after he instructed them to only communicate through Creditors' attorney; and (3) he was entitled to a default judgment because Creditors did not file an answer to his complaint within the time provided by the Federal Rules of Civil Procedure.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). In reviewing a dismissal of a complaint for failure to state a claim, this court must accept all well-pleaded factual allegations as true. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993) (citation omitted).

■ Upon review, we conclude that the district court properly dismissed Geiger's complaint for failure to state a claim. Geiger alleged that Creditors contacted him by letter on April 11, 2002, demanding money in collection of an alleged debt. Geiger responded with a letter disputing the debt and requesting that Creditors cease and desist from contacting him. Creditors sent a second letter on May 7, 2002, which Geiger attached to his complaint. The letter was marked in reference to a "Potential Violation of FDCPA," informed Geiger that Creditors had requested verification of the debt as Geiger had requested, and denied his claim for

damages because Creditors' review of its collection notes found that its initial demand notice and disclosure were proper.

Geiger's allegations did not amount to a violation of the FDCPA. Geiger did not allege that Creditors' initial communication of April 11, 2002, violated 15 U.S.C. § 1692e(11). Under the current version of the statute, any later communication only had to disclose that the communication was from a debt collector. *See id.* The district court properly held that Creditors' May 7, 2002, letter complied with the statute because the letterhead and the body of the letter communicated clearly that Creditors is a debt collector. Moreover, because Creditors' letter was sent in response to Geiger's charge that Creditors had violated the FDCPA, it was not a communication conveying information regarding a debt and did not even require the notification language from § 1692e(11). *See Chaudhry v. Gallerizzo,* 174 F.3d 394, 410 (4th Cir.1999). Geiger's argument that the debt collector warning language of 15 U.S.C. § 1692e(11) must be incorporated into every communication between a debt collector and a consumer is without merit. Congress amended the statute in 1996 and eliminated that requirement. Thus, the cases Geiger relies on have been superceded.

■ The district court also properly held that Creditors did not violate § 1692c(c) by contacting Geiger after he instructed the company to do so only through its attorney. Although the FDCPA prohibits a debt collector from communicating directly with a consumer if the debt collector knows that the consumer is represented by an attorney, *see* 15 U.S.C. § 1692c(c)(2), there is no requirement that the debt collector must use its attorney to communicate with a consumer. Geiger's attempt to impose this require-

ment unilaterally did not make Creditors's May 7, 2002, communication unlawful.

Finally, Geiger's argument that he was entitled to a default judgment is without merit. Geiger did not move for entry of default under Fed.R.Civ.P. 55(a) or for a default judgment under Rule 55(b). Quite simply, he was not entitled to relief that he did not request.

Accepting all of Geiger's allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis,* 135 F.3d at 405; *Mayer,* 988 F.2d at 638. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Before MARTIN, Chief Judge; KENNEDY and DAUGHTREY, Circuit Judges.