**Angel COOK, Plaintiff,**

**v.**

**Andrew C. HAMRICK and Andrew C. Hamrick & Associates, Defendants.**

**No. CIV.A. 02–K–768.**

United States District Court, D. Colorado.

Aug. 20, 2003.

Vincent C. Todd, Vincent C. Todd, Atty, Lakewood, CO, for plaintiff.

Barry Alan Schwartz, Jacobs, Chase, Frick, Kleinkopf, & Kelley LLC, James M. Miletich, McConnell, Siderius, Fleischner, Houghtaling & Craigmile, LL, Denver, CO, for defendants.

## ORDER FOR DISMISSAL WITH PREJUDICE

KANE, District Judge.

Plaintiff Angel Cook filed this action against attorney Andrew C. Hamrick and his law firm, Andrew C. Hamrick & Associates, P.C., alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (2002) ("FDCPA" or "the Act"). Cook's claim arises out of unlawful detainer (eviction) proceedings commenced by Hamrick on behalf of his client, landlord/property management company AIMCO, after a neighbor complained Cook was causing noise disturbances in violation of her lease. The complaint included a demand by the property management company for an award of attorney fees, which Cook now claims constituted an unlawful attempt to collect a "debt" under the Act. Hamrick moves to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). I grant the motion.

### Nature and Procedural History of the County Court Action.

Evictions are effected in the state of Colorado through the use of a special statutory proceeding known as an action for unlawful detainer. *See* Colo.Rev.Stat. § 13–40–110. On behalf of his client, Hamrick initiated a county court action for unlawful detainer against Cook in April 2001. After Cook challenged the sufficiency of service and the complaining neighbor indicated her unwillingness to honor a subpoena to testify, Hamrick, on AIMCO's behalf, moved voluntarily to dismiss the action. Cook did not oppose the dismissal, but moved for attorney fees under Colorado's version of Rule 11, Colo. Rules Civ. P. 311.

At a hearing on May 22, 2001, the county court granted the motion for voluntary dismissal and denied Cook's motion for attorney fees. Cook appealed, and challenged the denial of her fee request all the way to the Colorado Supreme Court. Cook's Petition for Writ of Certiorari was denied on January 14, 2002.

Undeterred by her failure to recover her attorney fees in state court, Cook filed the instant action in federal court, complete with jury demand, in April 2002. As support for her claim Cook simply asserts, with no factual or legal support, that Hamrick was a "debt collector" and that the inclusion of a demand for attorney fees in the county court complaint he drafted for AIMCO constituted a "communication," regarding a "debt," made without proper "notice," in violation of the FDCPA.

The FDCPA action is improper on numerous grounds, not the least of which is the premise that an attorney can be haled into federal court based on the contents of a state court complaint he drafted and filed on behalf of a client in a *non* collection action. There is nothing in the statutory scheme governing unlawful detainer actions that would prohibit a landlord from demanding fees in its prayer for relief, and Cook offers no explanation for how such a demand would subject either the landlord or its attorney to liability under the FDCPA. For example, there is no theory presented that would explain how a lawful demand for attorney fees in a nonfrivolous county court complaint for unlawful detainer either constitutes, or gives rise to, a "debt" under the Act. Nor is any theory offered to explain how Hamrick, an attorney not even alleged to be in the business of representing creditors in debt-collection cases, can be deemed a "debt collector" under the Act based on his role in filing a complaint against Cook in an action for unlawful detainer. Absent any articulated theory by which such threshold issues can be established, it is impossible to conclude the FDCPA applies to Cook's case.

### Discussion.

■ The threshold requirement for application of the FDCPA is the existence of a "debt" as that term is contemplated by the Act. *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir.1994). If no "debt" exists and no other federal claims are brought by a plaintiff, there is no federal question and the action should be dismissed for lack of subject matter jurisdiction. *See id.* (affirming the dismissal of a case for lack of subject matter jurisdiction where alleged obligation did not constitute a "debt").

The term "debt" is defined in the FDCPA as

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). A "debt collector," in turn,

> means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*Id.* § 1692(a)(6).

With respect to the first requirement, Cook asserts no law or facts to establish that a lease between a landlord and tenant is a "consumer" transaction under the Act "for primarily personal, family or household purposes," or how a claim for attorney fees in an eviction action could constitute an alleged obligation to pay money "arising out of" that transaction. The Second Circuit's decision in *Romea v. Heiberger & Assocs.*, 163 F.3d 111 (2d Cir.1998), cited by Cook in her briefing, is inapposite. *Romea* involved a written demand, signed by an attorney on behalf of his property management company client, for back rent under a lease. It did not involve a demand for attorney fees included in a formal complaint against the tenant in an eviction action under the lease.[1]

■ My own research on the issue persuades me Cook's novel assertion is unavailing. Although the circuits appear

---

1. Even if the instant demand had been for back rent rather than attorney fees *Romea* would not apply. The demand in *Romea* was made correspondence sent directly by the attorney to the plaintiff. Under 15 U.S.C. § 1692e(11), the failure by a debt collector to disclose the purpose of an initial communica-

split on the question of whether an extension of credit is required for a transaction to fall under the ambit of the FDCPA, *compare Zimmerman v. HBO Affiliate Group,* 834 F.2d 1163, 1168 (3d Cir.1987)(extension of credit required) *with Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322, 1325 (7th Cir.1997)(no credit extension required), they are in agreement that a "debt" is created only when a transaction creates an obligation to pay. *Bass* at 1325. *Accord Brown v. Budget Rent–A–Car Sys., Inc.,* 119 F.3d 922, 924 (11th Cir.1997). When an obligation to pay is created by something other than a consumer transaction, the obligation is not a "debt" as defined by the FDCPA. *See Hicken v. Arnold, Anderson & Dove, P.L.L.P.,* 137 F.Supp.2d 1141, 1143 (D.Minn.2001)(obligation to pay created by divorce decree is not a "debt" because is does not arise out of consumer transaction); *Mabe,* 32 F.3d at 88 (child support obligation is not "debt" because it arises out of a court order and not a consumer transaction). Because the prayer for attorney fees at issue in this case, as well as any right of AIMCO to collect those fees, would have arisen out of the legal proceedings in the action for unlawful detainer and not out of any consumer transaction with Cook, it does not constitute a "debt" or a communication regarding a "debt" and the FDCPA does not apply.

Even though this conclusion disposes of Cook's Complaint in this case, I note that, even if one assumed for the sake of argument that a demand for attorney fees in a complaint for unlawful detainer under Colo.Rev.Stat. § 13–40–110 is an alleged obligation of a consumer in a transaction for personal, family or household purposes, Cook's failure to allege any facts establish-

ing Hamrick is a "debt collector" within the meaning of the Act would also be fatal to her claim.

The FDCPA applies to lawyers only if they are lawyers regularly engaged in consumer debt-collection litigation on behalf of creditor clients. *See Heintz v. Jenkins,* 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995)(attorney regularly engaged in actions on bank's behalf to recover balances due on defaulted car loans within definition of "debt collector" under 15 U.S.C. § 1692a(6)). Here, Cook merely parrots the language of § 1692a(6) to assert Hamrick is a "debt collector" within the meaning of the Act (Compl.¶ 3) and offers no factual basis to conclude that Hamrick regularly represents creditors in consumer or any other debt collection activities. For this additional reason, Cook's Complaint fails to establish a claim under the FDCPA and I am without subject matter jurisdiction to consider it.

The Motion to Dismiss is GRANTED, and this action is DISMISSED.

tion regarding the collection of a debt subjects the debt collector to liability under the Act, *"except* that this paragraph shall not ap-

ply to a formal pleading made in connection with a legal action." (Emphasis added.)