OPINION
{¶ 1} Defendant-appellant, John C. Kessler, appeals from the Franklin County Municipal Court's grant of summary judgment in favor of plaintiff-appellee, Citibank (South Dakota), N.A. ("Citibank"). For the following reasons, we affirm.
 {¶ 2} On January 14, 2003, Citibank filed a complaint against appellant alleging that he owed a balance of $5,630.88 on a credit card account he maintained with Citibank and that he refused to pay the balance. Appellant, who represented himself before the trial court and this court, filed an answer in which he asserted that (1) Citibank was prohibited from trying to collect from him by Section 226.12, Title 12, C.F.R. and Section 226.13, Title 12, C.F.R.; (2) he had assigned his obligation for paying the outstanding balance to another individual; and (3) the law firm that filed the instant action was prohibited from contacting him by Section 1692 et seq., Title 15, U.S.Code.
 {¶ 3} On April 10, 2003, Citibank filed a motion for summary judgment to which it attached the affidavit of Kelli Roy, "the duly authorized representative and keeper of the records" of Citibank. In her affidavit, Roy testified that a Citi Platinum Select Credit Card Account Agreement ("Citi Platinum Agreement") existed between Citibank and Kessler, and that Kessler defaulted on that Agreement such that Kessler owed Citibank $5,630.88 through February 11, 2003, plus interest at the rate of 24.750 percent per annum. Ms. Roy further testified that no credits, set-offs, valid affirmative defenses or counterclaims reduced the outstanding balance.
 {¶ 4} Appellant filed a response to Citibank's motion in which he restated the defenses he asserted in his answer. Attached to his memorandum contra the motion for summary judgment, appellant filed a letter he had written to the law firm that filed the instant action against him; a declaration of Curtis Richmond, the individual to whom appellant allegedly assigned his legal rights in "the Purchase Plus matter;" a copy of the instant complaint; a portion of an email regarding a decision issued by the Utah Supreme Court and documents regarding a "Notice of Protest" issued to the president of Citibank.
 {¶ 5} On May 20, 2003, the trial court granted Citibank's motion for summary judgment, and awarded Citibank damages in the amount of $5,630.88, plus interest and costs. Appellant then appealed to this court.
 {¶ 6} On appeal, appellant assigns the following errors:
1. A Pro Per Litigant is supposed to be given every consideration and understanding when reviewing a Pro Per Litigant's Pleadings. The Appellant believes he presented very relevant legal statutes that proved that there was Fraud by the Merchant and a Consumer is not required by law to pay for a transaction where he received no value from the Merchant. The Cardholder NEVER agreed to pay for any transaction where he received no value in return. Regulation Z covers all Credit Card Transactions and specifically allows for the Cardholder to WITHHOLD PAYMENT AND PROHIBITS the Bank from Collecting. The Judge ignored these clear marching orders to the Appellee.
2. The Municipal Court totally ignored a Federal Banking Statute Regulation Z that is part of Truth in Lending Act and it governs All Credit Card Transactions. When there is Fraud by the Merchant under 12 C.F.R. 226.12 and 226.13, the Cardholder is allowed to WITHHOLD PAYMENT until there is a Final Judgment in the Case. When this is done, the Bank is PROHIBITED from either trying to Collect or from Filing a Negative Credit Report Until there is a Final Judgment in the Case. These facts and Statutes were discussed on Page 2, 4, 5 of the Defendant's Answer to the Plaintiff's Complaint and on Page 4 and 5 of the Answer to Plaintiff's Motion for Summary Judgment.
3. On May 23, 2002 and well before the Appellee filed its Complaint, the Appellant legally Assigned His Legal Rights in the Purchase Plus Matter to Curtis Richmond. Both parties had a Constitutional Right to make a Contract and Curtis Richmond has a Constitutional Right to represent himself. After this Contract was signed, the Appellee was required legally to go after Curtis Richmond if it thought it had a viable complaint. This issue was discussed on Page 5 of the Answer to the Plaintiff's Complaint. Also Curtis Richmond's Declaration supports this Agreement. This Assignment of Legal Rights is a Legal Contract as long as Curtis Richmond has the financial capability to pay the Alleged Judgment which he does, but Citibank must first take Curtis Richmond to Court and win.
4. The Municipal Court Judge ignored the Fact that there was Fraud by the Merchant Purchase Plus in the Disputed Transactions. The Appellant quoted Regulation Z 12 C.F.R. 226.12 as why he did not have to pay after providing proof of Fraud by the Merchant. Neither the Appellee or the Judge presented any legal evidence showing that the Appellant is compelled under law to pay a Credit Card Charge when there is evidence of Fraud by the Merchant. The fact is such evidence does not exist. The Appellant stated there is No Statute of Limitations for Fraud Under Title 18 Sect. 1031 as on Page 6 of Defendant's Answer to Plaintiff's Complaint. Also the Defendant made reference to Truth in Lending Sect. 1666i that states any transaction placed on a Consumer Credit Card is considered a Consumer Transaction. This is found on Page 3 of Defendant's Answer to Plaintiff's Complaint.
5. The Municipal Court Judge ignored the fact that under Regulation Z 12 C.F.R. 226.12 Citibank had no legal right to Collect. As a result, Citibank had no legal right to Sell or Assign a Fraudulent Debt Claim to a Collection Agency. This fact was covered on Page 2, 4, and 5 of the Defendant's Answer to Plaintiff's Complaint, also found on Page 2 of Plaintiff's Motion for Summary Judgment.
6. The Municipal Court Judge ignored the exact quotation from Regulation Z 12 C.F.R. 226.12(c)2. This can be found on Page 4, of Defendant's Answer to Plaintiff's Complaint and Page 4, 5 of the Defendant's Answer to Plaintiff's Motion for Summary Judgment. In essence, a Merchant loses its right to rebut or recharge after it goes out of business. Furthermore because Citibank and EFS National are obvious third parties to the Purchase Plus transactions, they have no legal right to rebut or recharge. An Independent Investigation is required to any Complaint obtaining information from BOTH the Cardholder and the Merchant. No one else is mentioned. Under Federal Rules of Evidence, both banks testimony would be considered Hearsay Evidence so they have no legal right to act in place of Purchase Plus. The two Banks have an obvious Conflict of Interest in the Case. Hearsay Evidence Rule 801 covers this definition. Because neither Citibank or EFS National were parties to the Contract and Transactions with Purchase Plus, Citibank and EFS National were obvious Third Parties to the Transactions. As a result under Federal Rules of Evidence and Rule 801 in particular, neither Citibank or the Collection Agency can present any Admissible Evidence in Court. This is absolute proof that the Appellee has no valid claim against the Appellant. Federal Rules of Evidence says so.
 {¶ 7} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. Of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates via pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence or written stipulations of fact that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State exrel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183.
 {¶ 8} When a motion for summary judgment is made and supported as provided in Civ.R. 56(C), a nonmoving party may not rest upon the allegations in his pleadings, but rather, using affidavit or other evidence allowed by Civ.R. 56(C), he must set forth specific facts showing a genuine issue of fact. Jackson v.Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. If the nonmoving party neither sets forth such facts regarding the moving party's claim nor produces Civ.R. 56(C) evidence on any issue for which that party bears the burden of production at trial, summary judgment is appropriate. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449. See, also,Countrymark Cooperative, Inc. v. Smith (1997),124 Ohio App.3d 159, 168 (defendant must bring forth evidence of affirmative defenses to survive plaintiff's motion for summary judgment).
 {¶ 9} In the case at bar, Citibank made a motion for summary judgment on its claim on an account. "An action on an account lies when parties have conducted a series of transactions for which a balance remains to be paid." Booth v. Bob Caldwell,Dodge Country, Inc. (Apr. 30, 1996), Franklin App. No. 95APE10-1367. Citibank presented the affidavit of Ms. Roy to prove that the parties had entered into a contract, that appellant breached the contract by failing to pay the balance on his credit card, and that appellant owed $5,630.88. Therefore, as Citibank supported its motion for summary judgment with evidence allowed by Civ.R. 56(C), appellant was required to produce Civ.R. 56(C) evidence either showing a genuine issue of fact regarding Citibank's claim or supporting his affirmative defenses in order to avoid summary judgment in Citibank's favor.
 {¶ 10} By his first assignment of error, appellant argues that, pursuant to Section 226.12, Title 12, C.F.R. and Section 226.13, Title 12, C.F.R. he can withhold payment to Citibank because Purchase Plus, the merchant who sold him the goods he charged to his credit card, went bankrupt. We disagree.
 {¶ 11} In essence, appellant's argument relies upon two sections of the Truth in Lending Act ("TILA") — Sections 1666 and 1666i, Title 15, U.S. Code — and the TILA's implementing regulations, Section 226.1 et seq., Title 12, C.F.R. The purpose of the TILA is, in part, to "protect the consumer against inaccurate and unfair credit billing and credit card practices." Section 1601(a), Title 15, U.S.Code. Because the TILA is intended to protect consumers in credit transactions, the statute must be construed liberally in the consumer's favor. Pfennig v.Household Credit Servs., Inc. (C.A. 6, 2002), 295 F.3d 522, 526.
 {¶ 12} We will first address Section 1666i, which allows a cardholder to assert certain claims and defenses that arise out of a credit card transaction against the card issuer. Section 1666i provides that:
[A] card issuer who has issued a credit card to a cardholder pursuant to an open end consumer credit plan shall be subject to all claims (other than tort claims) and defenses arising out of any transaction in which the credit card is used as a method of payment or extension of credit if: (1) the obligor has made a good faith attempt to obtain satisfactory resolution of a disagreement or problem relative to the transaction from the person honoring the credit card; (2) the amount of the initial transaction exceeds $50; and (3) the place where the initial transaction occurred was in the same State as the mailing address previously provided by the cardholder or was within 100 miles from such address * * *.
The implementing regulation for Section 1666i provides that, "[t]he cardholder may withhold payment up to the amount of credit outstanding for the property or services that gave rise to the dispute and any finance or other charges imposed on that amount." Section 226.12(c)(1), Title 12, C.F.R. Thus, if a cardholder meets the criteria of Section 1666i(a) and possesses a valid non-tort claim or defense against a merchant, then that cardholder has a right to chargeback certain outstanding amounts.Beaumont v. Citibank (South Dakota) N.A. (Mar. 28, 2002), S.D.N.Y. App. No. 01 Civ. 3393(DLC). In order to recover the outstanding amount, a card issuer must bring suit against the cardholder to challenge the cardholder's satisfaction of the Section 1666i criteria or the validity of the cardholder's claim or defense against the merchant. Id.
 {¶ 13} Although appellant seeks the protection of Section 1666i, he failed to offer any evidence before the trial court to prove that he meets the criteria of Section 1666i(a). We note that appellant alleges for the first time in his appellate brief that he lives within 100 miles of the place where the initial transaction occurred. However, because factual statements made in briefs that are unsupported by the record are not evidence, we cannot consider appellant's allegation. Benham v. Mitchell
(1989), 65 Ohio App.3d 374, 376.
 {¶ 14} Further, even if we were to assume appellant met the Section 1666i(a) criteria, we still could not conclude that appellant pled a valid claim or defense arising out of his transaction with Purchase Plus against Citibank. The only claim or defense appellant alleged in his answer that arose out of his transaction with Purchase Plus is for fraud. As Section 1666i does not subject card issuers to tort claims, appellant cannot rely upon Section 1666i as a basis for asserting against Citibank a fraud claim or defense arising from Purchase Plus' alleged actions. Therefore, Section 1666i does not bar Citibank from collecting the amount appellant owes on his credit card.
 {¶ 15} Second, appellant claims that Citibank is prohibited from collecting the outstanding balance on his credit card pursuant to Section 1666, which addresses billing error resolution. Section 1666 provides that a card issuer must investigate and respond to a cardholder's notice of a billing error, if the card issuer receives a written notice within 60 days from transmitting a statement of account that:
(1) sets forth or otherwise enables the creditor to identify the name and account number (if any) of the obligor,
(2) indicates the obligor's belief that the statement contains a billing error and the amount of such billing error, and
(3) sets forth the reasons for the obligor's belief (to the extent applicable) that the statement contains a billing error[.]
Like Section 226.12(c), Title 12, C.F.R. the implementing regulation for Section 1666 provides that "[t]he consumer need not pay (and the creditor may not try to collect) any portion of any required payment that the consumer believes is related to the disputed amount (including related finance or other charges)." Section 226.13(d)(1), Title 12, C.F.R. Further, a cardholder may raise a card issuer's violation of Section 1666 as an affirmative defense for recoupment of the disputed amount. See Easy Living,Inc. v. Whitehead (1979), 65 Ohio App.2d 206 (permitting a consumer to raise a violation of the TILA as an affirmative defense); First Natl. Bank of Pandora v. Plott (Aug. 16, 1996), Wood App. No. WD-95-096 (same).
 {¶ 16} In the case at bar, appellant did not present any Civ.R. 56(C) evidence before the trial court to establish that he timely notified Citibank of a billing error in accordance with Section 1666(a) requirements, or that Citibank failed to comply with the investigation and notification procedure. Although appellant filed documentation before this court regarding the notice of an alleged billing error he sent to Citibank and Citibank's response, we cannot consider such evidence as it was not filed before the trial court. Lamar v. Marbury (1982),69 Ohio St.2d 274, 278 (appellate courts are limited to considering the evidence found within the record transmitted to it on appeal). Therefore, as appellant did not establish that he properly initiated the Section 1666 bill resolution procedure or that Citibank failed to comply with that procedure, Section 1666 does not prevent Citibank from collecting the amount appellant owes on his credit card.
 {¶ 17} By his first assignment of error, appellant also argues that the law firm representing Citibank was prohibited from contacting him pursuant to Section 1692 et seq., Title 15, U.S. Code, otherwise known as the Fair Debt Collection Practices Act ("FDCA"). Although appellant does not specify which part of the FDCA the law firm supposedly violated, he apparently relies upon Section 1692c(c), which provides:
If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt * * *.
However, even if the law firm violated this provision, that violation would be, at best, the basis for a claim against the law firm, not an affirmative defense against Citibank. See Section 1692k(a), Title 15, U.S.Code. Further, we note that Citibank itself cannot be liable for a violation of Section 1692c(c) because it is a creditor, and the definition of "a debt collector does not include the consumer's creditors." Montgomeryv. Huntington Bank (C.A. 6, 2003), 346 F.3d 693, 698.
 {¶ 18} Accordingly, because appellant did not produce any evidence allowed by Civ.R. 56(C) supporting his affirmative defenses based upon Sections 1666, 1666i or 1692, we overrule his first assignment of error.
 {¶ 19} We next address appellant's third assignment of error, by which he argues that he assigned his "Legal Rights in the Purchase Plus Matter" to another individual, Curtis Richmond. In essence, appellant argues that, as a result of this assignment, Citibank must sue Mr. Richmond to recover the money appellant owes on his credit card. We disagree.
 {¶ 20} By assigning his rights and obligations under the Citi Platinum Agreement, appellant attempted to craft a contract of novation. A novation occurs "`where a previous valid obligation is extinguished by a new valid contract, accomplished by substitution of parties or of the undertaking, with the consent of all the parties, and based on valid consideration.'" Wennerv. Marsh USA, Inc., Franklin App. No. 01AP-1211, 2002-Ohio-2176, ¶ 13, quoting McGlothin v. Huffman (1994), 94 Ohio App.3d 240,244. A novation can never be presumed but, rather, must be evinced by a clear and definite intent on the part of all the parties to the original contract to completely negate the original contract and enter into the second. Thompson v.Anderson (Jan. 20, 1994), Franklin App. No. 93APE08-1155.
 {¶ 21} In the case at bar, appellant alleges an assignment took place, but he does not claim that Citibank ever consented to negate the Citi Platinum Agreement with appellant, or that Citibank agreed to enter into a second agreement with Mr. Richmond. As we determined in another case involving appellant, appellant "cannot satisfy his contractual obligations to [a credit card issuer] by unilaterally assigning them to another."Natl. City Bank v. Kessler, Franklin App. No. 03AP-312, 2003-Ohio-6938, ¶ 23. Therefore, as appellant presented no evidence that a contract of novation existed, appellant remains responsible for paying amounts due on his credit card account.
 {¶ 22} Accordingly, we overrule appellant's third assignment of error.
 {¶ 23} We next address appellant's sixth assignment of error, by which he argues that Citibank was a third party to "the Transactions" and, thus, it could not present any admissible evidence. We disagree.
 {¶ 24} As Ms. Roy testified in her affidavit, a Citi Platinum Agreement existed between appellant and Citibank whereby Citibank extended appellant credit and appellant agreed to make payment to Citibank for credit card purchases. Therefore, the issuer of credit to appellant, Citibank, through its representative, had knowledge of the debt and could offer testimony about the amount of money owed on appellant's credit card account. Contrary to appellant's assertion, none of the testimony in Ms. Roy's affidavit constitutes hearsay.
 {¶ 25} Accordingly, we overrule appellant's sixth assignment of error.
 {¶ 26} By appellant's second, fourth and fifth assignments of error, appellant reiterates his argument that the TILA prohibits Citibank from collecting payment from him. As we have concluded that appellant's TILA-based arguments are unavailing, we overrule appellant's second, fourth and fifth assignments of error.
 {¶ 27} Finally, Citibank requested in its brief that we grant it reasonable attorney fees and costs pursuant to App.R. 23. We deny Citibank's request for attorney fees.
 {¶ 28} For the foregoing reasons, we overrule appellant's assignments of error, and affirm the judgment of the Franklin County Municipal Court. Further, we deny Citibank's request for attorney fees.
Judgment affirmed; appellee's request for attorney fees denied.
Bryant and Brown, JJ., concur.