SILVERMAN, Appellant,

v.

ROETZEL & ANDRESS, L.P.A., Appellee.

[Cite as *Silverman v. Roetzel & Andress, L.P.A.*, 168 Ohio App.3d 715, 2006-Ohio-4785.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 06AP–455.

Decided Sept. 14, 2006.

716

Perry R. Silverman, pro se.

Roetzel & Andress, L.P.A., Thomas L. Rosenberg, and Leslie H. Youssef, for appellee.

McGRATH, Judge.

{¶ 1} Plaintiff-appellant, Perry R. Silverman, appeals from a judgment of the Franklin County Municipal Court granting the motion to dismiss of defendant-appellee, Roetzel & Andress, L.P.A. ("R & A").

{¶ 2} On August 16, 2004, Citibank (S.D.), N.A. ("Citibank"), represented by the law firm of Javitch, Block & Rathbone, L.L.P., filed a complaint against Silverman alleging that he owed a balance of $8,942.45 on a credit card account he maintained with Citibank and that he refused to pay the balance ("Citibank litigation"). Citibank substituted counsel twice thereafter; in February 2005, the law firm Ulmer & Berne, L.L.P. entered its appearance, and in June 2005, R & A was substituted as counsel. The case resolved in December 2005, when the trial court rendered summary judgment in Citibank's favor.[1]

{¶ 3} On January 17, 2006, Silverman filed the instant action against R & A, alleging it violated Section 1692e(11) of the federal Fair Debt Collections Practices Act ("FDCPA" or "the Act"), codified in Section 1692 et seq., Title 15, U.S.Code. R & A moved to dismiss Silverman's complaint on January 31, 2006, and on March 1, 2006, Silverman moved for summary judgment. On April 17, 2006, the trial court granted the motion to dismiss filed by R & A, and denied

---

1. Silverman appealed the trial court's award of summary judgment to Citibank, but on July 31, 2006, his appeal was dismissed as untimely.

Silverman's motion for summary judgment. Silverman then appealed to this court.

{¶ 4} On appeal, Silverman assigns the following two assignments of error:

[1.] The court below erred to the appellant's prejudice by dismissing his complaint even though it stated claims upon which relief could have been granted.

[2.] The court below erred to the appellant's prejudice by overruling his motion for summary judgment.

{¶ 5} By his first assignment of error, Silverman asserts that the trial court erred in granting R & A's motion to dismiss. He contends that his complaint states a cause of action against R & A, and, thus, he should have been permitted to adjudicate his claims on their merits.

{¶ 6} Appellate review of a trial court's decision to dismiss a case, pursuant to Civ.R. 12(B)(6), is de novo. *Singleton v. Adjutant Gen. of Ohio*, Franklin App. No. 02AP–971, 2003-Ohio-1838, 2003 WL 1848773. In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. In construing the complaint upon a Civ.R. 12(B)(6) motion, a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. We will not, however, consider unsupported conclusions that may be included among, but not supported by, the factual allegations of the complaint, because such conclusions cannot be deemed admitted and are not sufficient to withstand a motion to dismiss. *Wright v. Ghee*, Franklin App. No. 01AP–1459, 2002-Ohio-5487, 2002 WL 31262052, citing *Grange Mut. Cas. Co. v. Klatt* (Mar. 18, 1997), Franklin App. No. 96APE07–888, 1997 WL 128919.

{¶ 7} In his complaint, Silverman focuses on four cover letters ("cover letters" or "letters") sent to him by R & A during the Citibank litigation. Silverman contends these letters constituted "communications" by a "debt collector," and, as such, R & A was required to disclose its status as a debt collector in each letter.[2]

---

2. Our research indicates at least one court has dismissed a plaintiff's complaint when the plaintiff has "merely parrot[ed] the language of § 1692a(6) to assert" a law firm was a "debt collector" and offered "no factual basis to conclude" that the law firm "regularly represents creditors in consumer or any other debt collection activities." *Cook v. Hamrick* (D.Colo.2003), 278 F.Supp.2d 1202, 1205.

Thus, according to Silverman, R & A committed four violations of Section 1692e(11) by failing to disclose that it was a "debt collector" in each letter.

{¶ 8} Section 1692e of the FDCPA provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this Section:

\* \* \* \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Summarily stated, this section requires debt collectors to make certain disclosures when communicating with a debtor. "The initial communication must inform that there is a debt to be collected, and subsequent communication must disclose that the letter comes from a debt collector. Failure to make such disclosures is defined as a deceptive debt collection practice." (Citations omitted). *Burns v. First Am. Bank* (Apr. 28, 2005), N.D.Ill. No. 04 C 7682, 2005 WL 1126904.

{¶ 9} The stated purpose of the FDCPA is to eliminate abusive debt collection practices, and to that end, the Act prohibits certain actions by debt collectors, such as improper communications, harassing or oppressive behavior, and false or misleading representations. *Bank of New York v. Barclay,* Franklin App. No. 03AP–844, 2004-Ohio-1217, 2004 WL 503935, at ¶ 18. "Determination of whether a violation of the FDCPA has occurred involves a two-step process. First, the court must interpret the statute, if necessary. Second, there must be a determination of whether defendants violated the statute as interpreted by the court." *Beattie v. D.M. Collections, Inc.* (D.C.Del.1991), 754 F.Supp. 383, 386, citing *United States v. ABC Sales & Serv., Inc.* (D.C.Ariz.1984), 590 F.Supp. 561, 569–570.

{¶ 10} Pursuant to the above analysis, we must first determine whether R & A is a "debt collector" as defined by the Act. To that end, Section 1692a(6) defines a "debt collector" as any "person" who uses interstate commerce "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." R & A contests its status as a "debt

collector" and asserts that because Citibank was not a debt collector, "its lawyers acting on its behalf, Roetzel & Andress, are likewise not subject to the Act." R & A is correct to the extent that as a creditor, Citibank does not fall within the definition of "a debt collector." See, e.g., *Citibank (S.D.), N.A. v. Kessler*, Franklin App. No. 03AP–580, 2004-Ohio-1899, 2004 WL 795689, at ¶ 17, quoting *Montgomery v. Huntington Bank* (C.A.6, 2003), 346 F.3d 693, 698 ("we note that Citibank itself cannot be liable for a violation of Section 1692c(c) because it is a creditor, and the definition of 'a debt collector does not include the consumer's creditors' "). The remainder of R & A's argument, however, runs counter to well-established legal precedent that the FDCPA applies to attorneys that regularly engage in consumer debt-collection litigation on behalf of creditor clients. See, e.g., *Heintz v. Jenkins* (1995), 514 U.S. 291, 299, 115 S.Ct. 1489, 131 L.Ed.2d 395 (the Act governs attorneys engaging in debt collection "even when that activity consists of litigation").

{¶ 11} In determining whether an attorney or law firm is a "debt collector," courts consider the volume of debt-collection activities engaged in by the attorney or law firm. *Scannell v. Gunnoe & Assoc.* (Mar. 28, 1997), S.D.Ohio No. C–3–96–192, 1997 WL 1764768 (attorney was not a debt collector as debt-collection activities constituted less than one-half of one percent of attorney's cases), citing *Nance v. Petty, Livingston, Dawson & Devening* (W.D.Va.1994), 881 F.Supp. 223. Cf. *Stojanovski v. Strobl & Manoogian, P.C.* (E.D.Mich.1992), 783 F.Supp. 319 (attorney was considered a debt collector when four percent of his practice could be attributable to debt-collection activity, and he regularly represented the Chrysler Corporation in collection matters). In this case, the record is devoid of any evidence regarding the volume of debt collection activities engaged in by R & A's "Bankruptcy and Creditors' Rights" practice group.[3] Thus, we will assume without deciding for purposes of this appeal that R & A is indeed a debt collector. The issue, then, is whether the cover letters sent by R & A to Silverman during the Citibank litigation constituted "communications" under the Act, because only "communications" are required to contain the statutory disclosures found in Section 1692e(11).

{¶ 12} The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Section 1692a(2), Title 15, U.S. Code. Silverman argues that the cover letters at issue meet the foregoing definition, and because the Act does not exclude "letters accompanying court filings" from its disclosure requirements, they were required to contain the statutory disclosures found in Section 1692e(11). R & A does not respond to this argument, except to argue that the letters were not "communica-

---

3. Http://www.ralaw.com/practice.cfm?ID=2.

tions" because it was not a "debt collector." While the issue presented herein may not seem novel, our review of federal and state cases suggests that this issue is, essentially, of first impression.

{¶ 13} Here, the alleged "communications" were cover letters, sent pursuant to a universal practice employed by all professionals, including attorneys. The purpose of these letters (as of all such letters) was merely to identify the enclosure for its intended recipient, in this case, Silverman. These letters accompanied enclosed motions or memoranda served on Silverman in accordance with Civ.R. 5. They did not request any information, state an amount owing, demand payment, or identify Silverman's Citibank account. At best, the only information conveyed by these covers letters was that Citibank and Silverman were litigating some sort of dispute—the nature of which cannot be discerned.

{¶ 14} While the cover letters at issue may have the tangential effect of conveying information regarding Silverman's debt to any member of the public skilled in how to interpret a case style and locate docket information, we find that they are not the type of "communication" that Congress sought to include within the scope of the Act. Accepting Silverman's argument would require this court to expand the Act's already broad definition of "communication" into one that is all-encompassing, and this we decline to do.

{¶ 15} In making that determination, we are guided by the Supreme Court's recognition in *Heintz* that the FDCPA does not apply to " 'communications' inherent in an ordinary lawsuit." *Heintz*, 514 U.S. at 296, 115 S.Ct. 1489, 131 L.Ed.2d 395 ("it would be odd if the Act empowered a debt-owing consumer to stop the 'communications' inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt"). Indeed, we would be hard-pressed to conceive of a "communication" more inherent or incidental to an "ordinary lawsuit" than a routine cover letter sent to accompany the service of a motion or memoranda.

{¶ 16} We also find support for the conclusion we have reached in the following cases: *Geiger v. Creditors Interchange, Inc.* (C.A.6, 2003), 59 Fed.Appx. 803, 804 (letter sent in response to plaintiff's charge that creditors violated the FDCPA was not a "communication conveying information regarding a debt," and, therefore, did not require the disclosures contained in Section 1692e(11)); *Chapman v. Fischer* (C.A.7, 2002), 49 Fed.Appx. 636 (settlement offer did not constitute a "communication" under the Act); *Bailey v. Sec. Natl. Servicing Corp.* (C.A.7, 1998), 154 F.3d 384 (held, in dicta, that a letter informing debtors of the current status of their accounts and due dates was not a "communication"); *Dikeman v. Natl. Educators* (C.A.10, 1996), 81 F.3d 949, 954; *Cohen v. Beachside Two–I Homeowners' Assn.* (June 26, 2006), D.Minn. No. 05–706 ADM/JS, 2006 WL 1795140; *Smith v. Short Term Loans, L.L.C.* (Feb. 14, 2001), N.D.Ill. No.

99C1288, 2001 WL 127303; *Martinez v. Estate Recoveries, Inc.* (Apr. 24, 1996), D.N.M. No. CIV 95–0986 LH/LFG (neither a Statement of Claim, nor its accompanying cover letter, constituted "communications" under the Act); *Knight v. Schulman* (S.D.Ohio 1999), 102 F.Supp.2d 867 (letter that informed the plaintiff that her check had been received and that the judgment and lien would be released, and the foreclosure action dismissed, was not a "communication" under the Act); *Jackson–Spells v. Francis* (D.Md.1999), 45 F.Supp.2d 496, 497 (written settlement letters directed to debtor from law firm retained by creditor were not "communications" under the Act); *Fava v. RRI, Inc.* (Apr. 24, 1997), N.D.N.Y. No. 96–CV–629 RSP/DNH, 1997 WL 205336 (fax was not a "communication" under the Act because it did not convey any information regarding the plaintiffs' debt).

{¶ 17} For the foregoing reasons, we conclude that the cover letters sent by R & A to Silverman during the course of the Citibank litigation cannot be deemed "communications," as that term is defined in Section 1692a(2) of the FDCPA.

{¶ 18} Accordingly, we overrule Silverman's first assignment of error, the disposition of which renders his second assignment of error moot. The judgment of the Franklin County Municipal Court is hereby affirmed.

Judgment affirmed.

PETREE and TRAVIS, JJ., concur.