{para; 1} Defendant-appellant, Victor Fischer, appeals the August 25, 2005 judgment of the Bellevue Municipal Court denying his motion to vacate the March 7, 2006 judgment in favor of plaintiff-appellee, Citibank (South Dakota) N.A. ("Citibank"). For the reasons that follow, we affirm the trial court's judgment.
 {para; 2} The relevant facts are as follows. On November 11, 2005, Citibank filed a complaint against appellant pursuant to a credit card agreement for a past due balance in *Page 2 
the sum of $8,280.42. A copy of the complaint and a summons were sent to appellant at the Bellevue, Ohio address listed on the complaint. On November 18, 2005, the complaint was served at the Bellevue address; the return receipt was signed by appellant's son, Mark Fischer.[1]
 {¶ 3} On February 3, 2006, appellant sent a letter to the trial court acknowledging the debt and expressing his inability to pay. Notably, on the letterhead appellant listed his address as the Bellevue one where the complaint and summons were sent. Appellant's response was deemed an answer.
 {¶ 4} Thereafter, Citibank filed a Civ.R. 12(C) motion for judgment on the pleadings. Citibank argued that appellant applied for and was issued a Citibank credit card, that appellant defaulted under the terms of the credit card agreement, and that appellant, in his answer, failed to provide a valid defense for his failure to pay. Judgment for Citibank was granted on March 7, 2006; a certificate of judgment was issued on March 22, 2006.
 {¶ 5} On June 22, 2006, appellant filed a motion to vacate the trial court's March 7 judgment. In his motion, appellant argued that the trial court lacked jurisdiction and that venue was improper. Specifically, appellant claimed that venue was proper in Illinois; he did not reside at the Bellevue address, he was visiting his son there. Appellant argued that he did not own any property in Bellevue and that he was unemployed and did not have any assets. Next, appellant contended that the trial court erroneously granted *Page 3 
judgment without first conducting a hearing. Finally, appellant alleged unjust enrichment and that Citibank's attorney engaged in "coercion, deceit, and misrepresentation * * *."
 {¶ 6} Citibank opposed appellant's motion arguing that appellant failed to provide a meritorious defense which would entitle him to relief, that the court did have jurisdiction because service was obtained, that a hearing is not required prior to a judgment pursuant to Civ.R. 12(C), and that if anyone was unjustly enriched it was appellant, not Citibank.
 {¶ 7} On July 6, 2006, appellant filed an amended motion to vacate judgment. Appellant included verbiage regarding Civ.R. 60(B)(3), again alleging misconduct and misrepresentation on the part of Citibank and its attorney. Following a hearing on August 24, 2006, the trial court denied appellant's motion and this appeal followed.
 {¶ 8} On appeal, appellant, pro se, raises the following ten assignments of error:
 {¶ 9} "1. Plaintiff erred by failing to establish the correct address where the Defendant resided at the commencement of the action.
 {¶ 10} "2. Plaintiff erred by determining venue of this case by the location where the Defendant resides at the commencement of the action.
 {¶ 11} "3. Plaintiff erred by failing to comply with Civ.R. 3(B) and FDCPA § 811(a) to determine the proper venue.
 {¶ 12} "4. Plaintiff erred by filing an unlawful Lien upon the Appellant's son, Mark A. Fischer's real property.
 {¶ 13} "5. Plaintiff erred by securing multiple writings by deception. *Page 4 
 {¶ 14} "6. Trial Court erred by granting a Judgment by Default without a hearing.
 {¶ 15} "7. Plaintiff erred by failing to comply with Civ.R. 15: to respond to an amended pleading.
 {¶ 16} "8. Trial Court erred by granting a Judgment by Default without providing a seven day notice of a hearing.
 {¶ 17} "9. Trial Court erred by permitting ex parte communications.
 {¶ 18} "10. Plaintiff erred by its failure to state a claim upon which relief can be granted."
 {¶ 19} In appellant's first assignment of error, he argues that the trial court lacked jurisdiction over him because appellant never "resided" within the jurisdiction of the Bellevue Municipal Court. Appellant contends that at the commencement of this action, he resided in Naperville, Illinois. Citibank asserts that appellant waived the issue of personal jurisdiction by failing to raise the issue and participating in the litigation.
 {¶ 20} We agree with Citibank's assertion that personal jurisdiction can be waived. See Civ.R. 12(H). A court obtains personal jurisdiction over a defendant by service of process, or by a defendant's voluntary appearance or actions. Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156. Thus, the defense of lack of personal jurisdiction is waived if it is not raised in a responsive pleading or in a motion filed prior to the answer. Civ.R. 12(B) and (H); see, also, Franklin v. Franklin (1981),5 Ohio App.3d 74, 76.
 {¶ 21} In the present case, appellant's February 3, 2006 letter acknowledged the debt owed; appellant claimed only that he could not afford to pay the debt. This letter *Page 5 
was properly deemed an answer. Appellant then proceeded to participate in the proceedings. Thus, because appellant failed to raise the issue of personal jurisdiction, the issue was waived. Appellant's first assignment of error is not well-taken.
 {¶ 22} Similarly, appellant's second and third assignments of error contend that Sandusky County was not the proper venue for the commencement of the action. The defense of improper venue must be made at the inception of the suit or it is waived. See Civ.R. 12(B) and (H);Nicholson v. Landis (1985), 27 Ohio App.3d 107, 109. Moreover, appellant admitted in his amended motion to vacate judgment that he had been traveling a lot and "ha[d] been using his son's residence address for his own temporary mailing address."
 {¶ 23} Also argued in appellant's third assignment of error is Citibank's failure to comply with the venue provisions under the Fair Debt Collection Practices Act ("FDCPA"). Ohio courts have held that a debt collector does not include the consumer's creditors (specifically, Citibank); thus, such creditors are not subject to the FDCPA. SeeSilverman v. Roetzel Andress, L.P.A., 168 Ohio App.3d 715,2006-Ohio-4785, citing Citibank (S.D.), N.A. v. Kessler, 10th Dist. No. 03AP-580, 2004-Ohio-1899. Based on the foregoing, we find that appellant's second and third assignments of error are not well-taken.
 {¶ 24} In appellant's fourth assignment of error he argues that Citibank erred by filing an unlawful lien against his son's property. Citibank is correct in noting that liens may only attach to property owned by the judgment debtor. If appellant does not own the *Page 6 
subject property, the lien will not attach. Appellant's fourth assignment of error is not well-taken.
 {¶ 25} Appellant's fifth assignment of error contends that Citibank made several deceptive statements throughout the course of the proceedings and, particularly, in its brief in opposition to appellant's motion to vacate. Upon review, we find no statements which would be considered "deceptive" or misleading. Appellant's fifth assignment of error is not well-taken.
 {¶ 26} In his sixth assignment of error, appellant contends that the trial court erred by granting a default judgment without first conducting a hearing. A review of the record reveals that the trial court granted judgment on the pleadings, Civ.R. 12(C), not default judgment. There is no requirement that the court first conduct a hearing when granting judgment on the pleadings. Accordingly, appellant's sixth assignment of error is not well-taken.
 {¶ 27} Appellant next argues, in his seventh assignment of error, that Citibank erred by failing to respond to appellant's amended motion to vacate judgment. Appellant cites Civ.R. 15 in support of his argument; the rule addresses amended and supplemental pleadings. A Civ.R. 60(B) motion to vacate is not a pleading. Accordingly, appellant's seventh assignment of error is not well-taken.
 {¶ 28} In appellant's eighth assignment of error he argues that the trial court erred by granting a default judgment without providing a seven-day notice of the hearing. As discussed in our disposition of appellant's sixth assignment of error, the trial court did not *Page 7 
grant a default judgment; rather, it awarded judgment on the pleadings. Although not enumerated in his merit brief but referenced in his amended motion to vacate, appellant contends that he was deprived of a hearing under Civ.R. 12(D).[2] We disagree. Civ.R. 12(D) does not mandate that the trial court hold a hearing on a Civ.R. 12(C) motion. See T.S.Expediting Services, Inc. v. Mexican Industries, Inc., 6th Dist. No. WD-01-060, 2002-Ohio-2268, quoting McKinley Machinery, Inc. v. AcmeCorrugated Box, Co., Inc. (July 12, 2000), 9th Dist. No. 98CA007160. Appellant's eighth assignment of error is not well-taken.
 {¶ 29} Appellant's ninth assignment of error contends that the trial court erroneously engaged in ex parte communications with Citibank. Other than a general allegation, appellant presents no specific instances of ex parte communications for our review. Appellant's ninth assignment of error is not well-taken.
 {¶ 30} In appellant's tenth and final assignment of error he contends that, pursuant to Civ.R. 12(B)(6), Citibank failed to state a claim against him. In support, appellant contends that he is 76 years old, on social security and unable to pay Citibank. The inability to satisfy a judgment does not negate Citibank's entitlement to pursue its claim. Accordingly, appellant's tenth assignment of error is not well-taken. "Preliminary Hearings. The defenses specifically enumerated (1) to (7) in subdivision (B) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (C) of this rule shall be heard and determined before trial on application of any party." *Page 8 
 {¶ 31} On consideration whereof, we find that the judgment of the Bellevue Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in the preparation of the record, fees allowed by lay, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
[1] The signature is not clear; it appears that the first letter is an "M".
[2] Civ.R. 12(D) provides: *Page 1