BENHAM et al., Appellees,

v.

MITCHELL et al., Appellants.

[Cite as *Benham v. Mitchell* (1989), 65 Ohio App.3d 374.]

Court of Appeals of Ohio,
Lucas County.

No. L-89-032.

Decided Nov. 24, 1989.

*Barry F. Hudgin,* for appellees.

*Timothy D. Connors* and *Thomas W. Heintschel,* for appellants.

HANDWORK, Presiding Judge.

Plaintiff-appellee Roger L. Benham has filed a document titled "motion for clarification of decision and journal entry of October 20, 1989 and renewed motion for reconsideration." Appellants filed a "joint memorandum in opposition to motion for clarification and renewed motion for reconsideration." We will treat appellee's motion as a motion for reconsideration pursuant to App.R. 26.

Appellee contends this court was in error when we stated in our decision and journal entry of October 20, 1989 denying appellees' motion for reconsideration, that the deposition of Beverly J. Wallace was never filed in the court below and is not a part of the record on appeal. Appellee attaches a file-stamped copy of a notice of filing to support his contention that the deposition in question was filed in the court below, and points to references to the deposition made by both counsel and the court below to buttress his contention that the deposition was filed. The filing of a deposition with the trial court is governed by Civ.R. 30(F), which reads in pertinent part:

"Upon request of any party or order of the court the officer shall transcribe the deposition. * * * If any of the parties requests or the court orders, he shall then *securely seal the deposition in an envelope indorsed with the title of the action and marked 'deposition of (here insert name of witness)' and shall upon payment of his fees promptly file it with the court* in which the action is pending or send it by certified mail to the clerk thereof for filing." (Emphasis added.)

The inclusion of a deposition in the record on appeal is governed by App.R. 9(A), which states:

"The original papers and exhibits thereto *filed in the trial court,* the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." (Emphasis added.)

Furthermore, both the appellee and the appellant have an affirmative duty to see that all documents, evidence etc., which the appellee or appellant considers necessary for review are included in the record. App.R. 9(B).

After yet another thorough review of the record before this court on appeal, we find that the dictates of Civ.R. 30(F) were never met. No deposition of Beverly J. Wallace enclosed in an envelope, properly endorsed and identified, appears in the record before us. No indication appears on the docket of the Lucas County Court of Common Pleas that the deposition in question was ever properly filed. A notice of filing does not take the place of an actual filing of the deposition as set forth in Civ.R. 30(F). Therefore, the deposition of Beverly J. Wallace does not constitute part of the record on appeal. See App.R. 9(A). This court cannot consider a deposition that was never before us. Nor can this court consider factual statements made by the parties in their briefs as evidence, if the basis for the factual statements is not included in the record. See *Eichelberger v. Park Avenue Realty* (Feb. 11, 1981), Montgomery App.No. 6859, unreported, 1981 WL 5081.

Therefore, we find no error in our prior decision and find appellee's motion not well taken upon the authority of *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 143, 5 OBR 320, 323–324, 450 N.E.2d 278, 282. Appellee's motion is denied.

*Motion denied.*

GLASSER and ABOOD, JJ., concur.