JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Tower City Title Agency, LLC, appeals the judgment of the Lyndhurst Municipal Court that dismissed its claim for money damages. For the reasons that follow, we affirm.
 {¶ 2} From the record we glean that appellant served as the escrow agent for a transfer of property from defendants-appellees, Lewis E. and Mary A. Allen to their son and daughter-in-law, defendants-appellees, James P. and Tammy E. Allen. From the App.R. 9(C) statement of evidence provided with the record in this case, we glean that Lewis and Mary at one time owned two parcels of land, each with separate legal descriptions, but under the same address. It was Lewis's and Mary's intent to transfer only one of these parcels to James and Tammy. This intent, however, was not relayed to appellant, who transferred both parcels.
 {¶ 3} However, before the transfer of one of the parcels back to Lewis and Mary, real estate property taxes were assessed on both parcels, indicating an increase in taxes due by James and Tammy, which their lender, Provident Bank ("Provident"), paid. Provident thereafter sought reimbursement from appellant and appellant complied. Appellant then sought to collect this amount from the Lewis and Mary. When the Allens did not reimburse appellant as requested, appellant brought suit against Lewis and Mary in small claims court in April 2002, seeking recovery of these funds. Assigned case number 02-CV-I-571, this suit was against Lewis and Mary only. According to the statement of evidence, Lewis and Mary asserted a counterclaim, but it is unknown from the statement of evidence precisely what claim or claims they were asserting.
 {¶ 4} Case No. 02-CV-I-571 proceeded to hearing in August 2002, at which time appellant dismissed its case without prejudice after its presentation of evidence. Lewis and Mary, however, did not dismiss their counterclaim. According to the statement of evidence, the small claims court decided against the counterclaim in a decision journalized on September 20, 2002.
 {¶ 5} On September 16, 2002, however, appellant filed the instant lawsuit, Case No. 02-CV-I-1310, naming as defendants not only Lewis and Mary, but also James and Tammy. The statement of evidence thereafter states:
 {¶ 6} "On October 8, 2002, the court entered a Journal Entry, which is the subject of this Appeal.[1] [Appellant] objected, and the objection was eventually denied on May 19, 2003. On November 8, 2002, the Court advised the [appellant] that the proceedings in the new case would be stayed until there was a final ruling in Case Number 02-CV-I-571.[2] The case was set for hearing on June 27, 2003. On June 11, 2003, [the Allens], requested a continuance, and the hearing was rescheduled for July 18, 2003. On July 18, 2003, a hearing was held on the new case. At that hearing[,] all four [Allens] were present, and [appellant's counsel and escrow manager] were present. The representatives from the Lake County Auditor and Treasurer were also present, on behalf of [a]ppellant. Appellant presented testimony on [its] case in chief, and the Court took the testimony of all parties present. For the most part, the same evidence mentioned earlier was re-submitted by the [a]ppellant, while the [Allens] challenged the valuation done by the Lake County taxing authorities, and generally, denied any obligation whatsoever to reimbu[r]se [appellant]."
 {¶ 7} The statement of evidence thereafter provides that the small claims court found in favor of the Allens, stating that these issues had been decided in Case No. 02-CV-I-571 and, therefore, "the matter was res judicata." The judgment journalized by the court on February 23, 2004, stated:
 {¶ 8} "The court finds that on a prior occasion, in Case No. 02-CV-I-571, [appellant] filed a cause of action involving the same controversy, and although [appellant] dismissed its action, at the time of hearing, the court issued a decision on the pending counterclaim. Accordingly, as this matter has been previously decided, the matter is dismissed with prejudice; at [appellant's] costs."
 {¶ 9} Appellant is now before this court and assigns five errors for our review. With the exception of appellant's second assignment of error, appellant's assigned errors all challenge the court's dismissal on the basis of res judicata and, therefore, will be discussed together.[3]
 {¶ 10} "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)."Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 380. Claim preclusion "prevents a party from litigating a cause of action after a prior court has rendered a final judgment on the merits of that cause as to that party." Krahn v. Kinney (1989),43 Ohio St.3d 103, 107, citing Norwood v. McDonald (1943),142 Ohio St. 299, paragraph one of the syllabus. Issue preclusion "precludes the relitigation of an issue that has been `actually and necessarily litigated and determined in a prior action.'"Krahn, 43 Ohio St.3d at 107, quoting Goodson v. McDonoughPower Equip., Inc. (1983), 2 Ohio St.3d 193, 195.
 {¶ 11} Central to both theories is the necessity of a final judgment. A "final judgment" is one that "determines the merits of the case and makes an end to it." State ex rel. Curran v.Brookes (1943), 142 Ohio St. 107, 110. "A final judgment is one [that] operates to divest some right in such a manner as to put it beyond the power of the court making the order to place the parties in their original condition after the expiration of the term; that is, it must put the case out of court and must be final in all matters within the pleadings." Harkai v. ScherbaIndustries, Inc. (2000), 136 Ohio App.3d 211, 214.
 {¶ 12} In this case, appellant's arguments require the review of Case No. 02-CV-I-571, or at least portions of it, in order for us to determine whether there was a final judgment in that case and if that judgment resolved the same issues raised in the instant case. To be sure, there are several references in appellant's brief as to what transpired during Case No. 02-CV-I-571. Factual statements made in briefs that are unsupported by the record, however, are not evidence and cannot be considered as such. Benham v. Mitchell (1989),65 Ohio App.3d 374, 376.
 {¶ 13} There are also several references to Case No. 02-CV-I-571 in the statement of evidence provided to this court by the small claims court. However, nowhere in the record before us is there a copy of the final judgment entry in Case No. 02-CV-I-571, which is necessary in order for this court to review the appropriateness of the small claims court's order dismissing appellant's case on the basis of res judicata.
 {¶ 14} We note that the record contains a statement of evidence as authorized by App.R. 9(C). A statement of evidence, however, is not a substitute for documentary evidence that was or should have been presented to the court, especially when that documentary evidence is crucial to a review of the case on appeal as in this case.
 {¶ 15} It is the appellant who bears the burden of insuring that the record, or whatever portions of it are necessary for the determination of the appeal, is complete for a reviewing court. See Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. Ordinarily, absence of any portion of the record necessary for an appellate court's review allows the reviewing court to presume regularity of the proceedings below and affirm the lower court's judgment.
 {¶ 16} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 17} We acknowledge that the small claims court determined the applicability of res judicata on the basis of an earlier, presumably, final judgment issued from its own court. Most likely it had both records before it in making this determination. We do not have the luxury of having the earlier case, Case No. 02-CV-I-571, as part of the record in this appeal. As such, it was incumbent on appellant to insure that those portions of that record necessary to determine the appropriateness of dismissing the instant case, Case No. 02-CV-I-1310, became part of the record. Appellant's failure to do so leaves this court no choice but to presume regularity on the part of the small claims court and affirm its decision. See, e.g., State v. Chandler, 9th Dist. No. 3153-M, 2001-Ohio-1717.
 {¶ 18} Appellant's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Gallagher, J., concur
[1] Actually, the order that is the subject of this appeal is the order journalized February 23, 2004. There is no entry in the instant case that was journalized October 8, 2002. It may be that the statement of evidence references an order entered in Case No. 02-CV-I-571, a case not before this court. In any event, there is no such order included in the record in this case.
[2] We are confused as to why a stay was necessary if the court had already issued its ruling on the Lewis's and Mary's counterclaim in Case No. 02-CV-I-571, which should have disposed of the case because appellant had earlier dismissed its complaint.
[3] In its second assignment of error, appellant seeks the reversal of the small claims court order dismissing "with prejudice" Case No. 02-CV-I-571. That case, however, is not on appeal to this court and we are, therefore, unable to review this ruling. This assignment of error is summarily overruled.