DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiffs-Appellants, Peggy Conrad, Gloria Gabriel and David Morris appeal the decision of the Hocking County Court of Common Pleas granting summary judgment in favor of Defendants-Appellees, Hocking County Board of Mental Retardation and Developmental Disabilities and Vicki J. Grosh. Since the deposition transcripts of Conrad, Gabriel and Morris are absent from the record below, and because Appellees *Page 2 
rely heavily upon those depositions in arguing their motion for summary judgment, they fail to establish their initial burden of proof under Civ. R. 56(C). As such, Appellees' motion for summary judgment cannot be sustained. Accordingly, we reverse the decision of the trial court and remand the case for further proceedings.
 I. Facts {¶ 2} Appellants in this matter, Peggy Conrad, Gloria Gabriel and David Morris, are all former employees of Appellee, Hocking County Board of Mental Retardation and Developmental Disabilities ("HCMRDD"). Appellee Vicki Grosh was the superintendent of HCMRDD during the relevant time period. Appellants each claim they were wrongfully terminated from their positions at HCMRDD in that they were forced to resign.
 {¶ 3} Appellants Conrad and Gabriel assert that Grosh, as their superior, subjected them to a campaign of harassment. Conrad and Gabriel state that Grosh's ill-will was a result of their reporting the inappropriate conduct of another HCMRDD employee ("co-worker Doe"), who was a *Page 3 
friend of Grosh.[1] Conrad and Gabriel also assert that Grosh forced them to resign, in part, because of their age.
 {¶ 4} Appellant Morris was the Director of Business Operations at HCMRDD. Morris suffers from depression, bipolar disorder and other health problems. After Grosh was appointed superintendent, he states she created a "climate of fear" which increased the severity of his mental health issues. Morris claims that though Grosh had knowledge of his health issues, her antagonistic behavior continued and, as a result, he was forced to resign.
 {¶ 5} Subsequently, Appellants Conrad, Gabriel and Morris, along with two other former employees of HCMRDD, Shelly Mouser and Charma Berwanger, filed a complaint against Appellees.[2] Conrad and Gabriel asserted claims of constructive discharge, retaliatory discharge and age discrimination. Morris asserted claims of constructive discharge and disability discrimination. Appellees answered and filed a motion for summary judgment as to each of Appellants' claims. The trial court granted Appellees' motion and Appellants timely appealed. We dismissed that initial appeal on the grounds that the judgment entry did not contain the *Page 4 
necessary language to constitute a final appealable order. The trial court subsequently amended its order and Appellees filed the current appeal.
 II. Assignments of Error
I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO THE CLAIMS OF PEGGY CONRAD AS GENUINE ISSUES OF MATERIAL FACT WERE IN DISPUTE AS TO MS. CONRAD'S CLAIMS OF CONSTRUCTIVE DISCHARGE, RETALIATION AND AGE DISCRIMINATION.
II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO THE CLAIMS OF GLORIA GABRIEL AS GENUINE ISSUES OF MATERIAL FACT WERE IN DISPUTE AS TO MS. GABRIEL'S CLAIMS OF CONSTRUCTIVE DISCHARGE, RETALIATION AND AGE DISCRIMINATION.
III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO THE CLAIMS OF DAVID MORRIS AS GENUINE ISSUES OF MATERIAL FACT WERE IN DISPUTE AS TO MR. MORRIS' CLAIMS OF CONSTRUCTIVE DISCHARGE AND DISABILITY DISCRIMINATION.
 III. Standard of Review {¶ 6} Each of Appellants' assignments of error concern the trial court's decision to grant Appellees' motion for summary judgment. Accordingly, we first address the appropriate standard of review.
 {¶ 7} Appellate courts must conduct a de novo review when reviewing a trial court's summary judgment decision. Doe v. Shaffer,90 Ohio St.3d 388, 390, 2000-Ohio-186, 738 NE.2d 1243; Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 NE.2d 241. As such, an appellate court reviews the trial court's decision independently and *Page 5 
without deference to the trial court's determination. Brown v. SciotoBoard of Commissioners (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.
 {¶ 8} A trial court may grant a motion for summary judgment only when 1) the moving party demonstrates there is no genuine issue of material fact; 2) reasonable minds can come to only one conclusion, after the evidence is construed most strongly in the nonmoving party's favor, and that conclusion is adverse to the opposing party; 3) and the moving party is entitled to judgment as a matter of law. Civ. R. 56; see, also,Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 9} "[T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ. R. 56(C) * * *." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292,1996-Ohio-107, 662 N.E.2d 264. These materials include "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any." Id. at 293; quoting Civ. R. 56(C). "* * * [O]nce the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party `may not rest upon *Page 6 
mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.'" Foster v.Jackson Cty. Broadcasting, Inc., 4th Dist. No. 07CA4, 2008-Ohio-70, at ¶ 11, quoting Civ. R. 56(E).
 IV. Legal Analysis {¶ 10} In their appellate briefs, both parties refer extensively to the depositions of Appellants Conrad, Gabriel and Morris. While it appears that those depositions were taken, both by the notices of deposition in the record below and by the parties' references to the depositions throughout their briefs, the depositions themselves are not in the record. App. R. 9(A) states, in pertinent part: "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." (Emphasis added.) In the case sub judice, there is no indication that the depositions in question were ever filed with the trial court.
 {¶ 11} Under Civ. R. 56(C), the moving party has the initial burden of pointing to appropriate evidentiary materials that prove there are no genuine issues of material fact. Though both parties rely heavily upon the depositions of Gabriel, Conrad and Morris in making their cases for and *Page 7 
against summary judgment, it is Appellees, as the movants, that bear the initial burden of proof.
 {¶ 12} We agree with our colleagues from the Sixth Appellate District who stated that "This court cannot consider a deposition that was never before us. Nor can this court consider factual statements made by the parties in their briefs as evidence, if the basis for the factual statements is not included in the record." Benham v. Mitchell (1989),65 Ohio App.3d 374, 376, 583 N.E.2d 1365. Further, the parties to an appeal have an affirmative duty to ensure that all documents they deem necessary for review are included in the record. Id. As such, Appellees have failed to establish their initial burden under Civ. R. 56(C). Accordingly, we reverse the trial court's decision granting summary judgment in favor of Appellees and remand for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellants recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion. Harsha, J.: Not Participating.
[1] Conrad and Gabriel reported that this other employee was having inappropriate contact with recipients of HCMRDD services. Due to a confidentiality agreement between HCMRDD and this individual, his name does not appear in the record. The employee was subsequently terminated.
[2] Berwanger's claims were dismissed for failure to prosecute. At the time of the filing of this appeal, Mouser's claims remained pending in the trial court *Page 1